C. P. WHALEN, Plaintiff-Appellant, *v.* LEON LANG *et al.*, Defendants-Appellees.

Third District   No. 78-421

Opinion filed April 26, 1979.

84

Philip C. Zimmerly, of Swaim, Zimmerly & Swaim, of Kankakee, for appellant.

Nutting, Thacker, Sacks & Paulauskis, of Kankakee, for appellees.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Kankakee County striking plaintiff's complaint for failure to state a cause of action and dismissing the suit.

On December 19, 1977, C. P. Whalen was a tenant in a commercial building owned by Leon and Morris Lang. At 6 p.m. on that date Whalen left the building and walked to his car which was parked in the parking lot where he was attacked by a trespasser and severely injured.

On June 20, 1978, Whalen filed a complaint alleging that the landlords (Langs) "* * * had notice and knowledge of the existence and presence of like or similar incidents involving trespassers on prior occasions; that the presence of said trespassers constituted a dangerous condition on the land; that defendants had knowledge and notice of like and similar incidents involving like or similar dangerous conditions on frequent prior occasions and that defendants had a duty to exercise reasonable care to insure the safety of their tenants." It was also alleged that the Langs had failed to exercise ordinary care for the protection of their tenants by failing to provide adequate lighting in the parking lot; failing to physically guard the premises by means of a physical structure or other barrier; failing to request additional police patrols in the area; and failing to provide adequate private security personnel.

On July 25, 1978, the Langs filed a motion to dismiss. On September 27, 1978, oral arguments were held. On October 6, 1978, the trial court entered an order finding that "* * * there is no common law duty imposed upon a landlord to control the criminal acts of third parties comitted [sic] upon tenants unless there is a special relationship existing between the landlord and tenant." The trial court found that no such special relationship was alleged in the complaint and that "* * * no specific prior identical criminal acts were pleaded which arose directly out of the landlord's control of the premises which he had a duly [sic] to secure * * *" and therefore the complaint did not state a cause of action.

On appeal Whalen argues that the trial court erred in holding that the complaint failed to state a cause of action.

■■ In order to state a cause of action a complaint must allege a duty, a breach of that duty, and resultant injury. (*Smith v. Chicago Housing Authority* (1976), 36 Ill. App. 3d 967, 344 N.E.2d 536.) Whether a duty exists is a question of law. (*Smith v. Chicago Housing Authority*.) If no duty exists, a complaint cannot state a cause of action and is, therefore, properly dismissed. *Smith v. Chicago Housing Authority.*

The trial court, in granting the motion to dismiss, relied upon *Stribling v. Chicago Housing Authority* (1975), 34 Ill. App. 3d 551, 340 N.E.2d 47. Stribling was a tenant in a Chicago Housing Authority building. He had been victimized by burglars three times. Each time the burglars entered Stribling's apartment through a hole punched through his apartment wall from one of the adjacent vacant apartments. Prior to the burglaries Stribling had notified the housing authority that trespassers had entered the vacant apartments which had been left unlocked. He also notified the housing authority each time a burglary occurred. He kept his apartment locked and demanded that the vacant apartments be kept locked. The housing authority did not respond to his notice or demands.

The court in the *Stribling* case found that the loss to Stribling was caused by a condition of the premises and not because the landlord/tenant relationship created a duty requiring the landlord to protect his tenants from intentional or criminally reckless acts of third parties.

Illinois has long refused to impose upon one party a duty to protect a second party from the intentional or criminally reckless acts of a third party in the absence of a special relationship between the first and second parties. (*Trice v. Chicago Housing Authority* (1973), 14 Ill. App. 3d 97, 302 N.E.2d 207, *appeal denied* (1973), 54 Ill. 2d 599.) A special relationship has been found between common carrier/passenger, business invitor/invitee, and innkeeper/guest. A special relationship has not been found in the usual landlord/tenant relationship. *Trice v. Chicago Housing Authority.*

Recently recovery has been allowed when a condition of the

premises caused the loss to the tenant (*Stribling v. Chicago Housing Authority*) and when a maintenance man left a tenant's door unlocked (*Mims v. New York Life Insurance Co.* (1971), 133 Ill. App. 2d 283, 273 N.E.2d 186). We do not view either of those cases as altering or expanding the general rule. In *Stribling*, recovery for loss from the first burglary was denied but was granted for loss from the second and third burglaries because of the foreseeability of injury resulting directly from a condition of the premises which existed after notice of the first loss. Recovery in *Mims* was allowed because of the foreseeability of loss resulting directly from the negligence of the maintenance man who left the tenant's door unlocked. Recovery has been denied when the loss was caused by a stranger who had no connection with the property (*Smith v. Chicago Housing Authority*) and where the injury did not result from a condition of the premises (*Pippin v. Chicago Housing Authority* (1978), 58 Ill. App. 3d 1029, 374 N.E.2d 1055).

■■ While recovery has been allowed where the injury is foreseeable, foreseeability alone is not enough. A duty to protect against loss depends upon the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant. *Smith v. Chicago Housing Authority; Trice v. Chicago Housing Authority.*

■■■ In order to state a cause of action in the instant case, Whalen must allege a special relationship between himself and the Langs which created a duty to insure the safety of the tenants; a dangerous condition of the premises which caused the loss; or an affirmative negligent act of the Langs or their agents which caused the loss. A reading of the complaint will show that no special relationship was alleged. An attempt was made to allege a dangerous condition of the premises by stating that trespassers were on the premises and that trespassers had been involved in like or similar incidents. Illinois courts have already decided, however, that trespassers on the premises who are not connected with the premises do not constitute a dangerous condition of the premises even when there is notice to the landlord that trespassers have committed criminal acts against the tenants. (*Smith v. Chicago Housing Authority.*) Also, we find no allegation of an affirmative negligent act on the part of the Langs or their agents.

■■ We must agree with the trial court that Whalen failed to state a cause of action and therefore the complaint was properly dismissed.

For the reasons stated above, the judgment of the circuit court of Kankakee County is hereby affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.