RICHARD K. ZIMRING, Plaintiff-Appellant, v. RICHARD WENDROW *et al.*, Defendants-Appellees.

Second District   No. 2—84—622

Opinion filed November 1, 1985.

Mary Robinson, of Robinson & Skelnik, of Elgin, for appellant.

Theodore E. Dawes, Glen E. Amundsen, and G. Scott Williams, all of Querrey, Harrow, Gulanick & Kennedy, of Waukegan, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

In this interlocutory appeal, plaintiff, Richard K. Zimring, seeks reversal of an order of the circuit court dismissing counts VIII and IX of his amended complaint, which is directed against defendants Richard Wendrow, Bernard Wendrow and Eta Wendrow, for failure to state a cause of action. Plaintiff has not addressed any issue relating to count VIII in his argument, and we will not consider it further. 87 Ill. 2d R. 341(e)(3); *Jenkins v. Wu* (1984), 102 Ill. 2d 468, 483, 468 N.E.2d 1162.

In count I of his amended complaint, plaintiff seeks recovery against defendant Richard Wendrow for damages sustained in an assault upon him by this defendant and other persons on August 8, 1982, in a parkway at or near 369 North Deere Park Drive in the city of Highland Park, where plaintiff was alleged to have been pulled from his car and beaten. Count II charged the attack was wilful and malicious and sought further damages. Count III is directed against defendant Richard Wendrow's parents, defendants Bernard and Eta Wendrow, and seeks to recover damages premised upon the Parental Responsibility Law (Ill. Rev. Stat. 1983, ch. 70, par. 51 *et seq.*), and count IV seeks relief against the parents under an ordinance of Highland Park entitled "Parental Responsibility and Vandalism Victim Compensation." Counts V through VII alleged intentional assault and battery and parental liability theories against other defendants for recovery of damages.

Count IX of plaintiff's amended complaint, with which we are solely concerned in this appeal, sounded in tort and was directed against defendants Richard, Bernard and Eta Wendrow. It alleged the latter were Richard's parents and owned the premises at 369 North Deere Park Drive, a single-family residence with a private beach on Lake Michigan, with an easement to the beach property across the public streets of Highland Park; that these three defendants gave a party at the residence on August 8, 1982, which was primarily attended by teenage minors, and that it became the duty of these defendants to:

> "exercise reasonable care to control the conduct of their guests, including teenage, minor guests, so as to prevent them, or anyone of them, from intentionally harming third parties, including

plaintiff, or from so conducting themselves, or any one of them, as to create an unreasonable risk of potential harm to any third party, including plaintiff, if defendants (a) knew or had reason to know, that they, or any one of them, had the ability to control their guests, or any one of them, and (b) if the defendants knew, or should have known, of the necessity and opportunity for exercising such control.''

Count IX further alleged that defendants, in disregard of their duty, carelessly and negligently:

"(a) failed to supervise their guests and invitees known to be rowdy and with a propensity to conduct themselves in a manner likely to result in the infliction of intentional harm upon third parties, including plaintiff;

(b) permitting known rowdy, minor, teenage guests who had a propensity to act in a manner likely to result in intentional harm to third parties, including plaintiff, to use their private beach so as to increase the risk of intentional harm by them upon third parties, including plaintiff; and

(c) in not taking precautions for the safety of the general public, including plaintiff, during the time their minor, teenage guests were upon their premises, including their easement to their private beach across the public streets of Highland Park, at a time when said guests were rowdy and had a propensity to conduct themselves in a manner likely to result in the infliction of intentional harm to third parties, including plaintiff.''

This count of the complaint also alleged that the defendants at the party knew that they, or any one of them, had the ability to control their guests, and knew of the necessity and opportunity to exercise such control. Count IX concluded that as a proximate cause of defendants' negligence, plaintiff was assaulted by defendants' minor guests upon defendants' premises, causing injuries for which he seeks the recovery of damages.

Defendants' motions to dismiss count IX as not stating a cause of action were granted, and, after the trial court made the requisite finding there was no just reason for delaying enforcement or appeal required by Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), plaintiff has appealed.

Plaintiff relies upon section 318 of the Restatement (Second) of Torts (1965) and cases from other jurisdictions as support for his cause of action, contending that within that framework the defendants had a duty to control the use they permitted to be made of their land to avoid foreseeable risk of harm to third parties. Defendants argue that section

318 of the Restatement of Torts has not been adopted in Illinois as an exception to the general rule that one is not liable for the intentional torts of another and, alternatively, that count IX of the complaint does not state facts upon which such a duty could be imposed under section 318.

■■ There can be no recovery in tort unless a complaint alleges facts which establish a duty on the part of defendants towards plaintiff, a breach of that duty, and an injury resulting from the breach. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 162, 456 N.E.2d 116.) Whether there is a duty is a question of law to be determined by the court. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 163; *Ferentchak v. Village of Frankfort* (1985), 105 Ill. 2d 474, 480, 475 N.E.2d 822.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proven under the pleadings which would entitle plaintiff to relief. (*Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 572, 442 N.E.2d 648.) Although Illinois requires fact rather than notice pleading (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 17, 440 N.E.2d 96), a complaint will not be dismissed if facts essential to its claim appear by reasonable implication and it reasonably informs defendants of a valid claim under a general class of cases. *Magana v. Elie* (1982), 108 Ill. App. 3d 1028, 1031, 439 N.E.2d 1319; Ill. Rev. Stat. 1983, ch. 110, par. 2—612.

Section 318 of the Restatement (Second) of Torts, entitled "Duty of possessor of land or chattels to control conduct of licensee," states:

"If the actor [defendants] permits a third person to use land or chattels in his possession otherwise than as a servant he is, if present, under a duty to exercise reasonable care so control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor

(a) knows or has reason to know that he has the ability to control the third person, and

(b) knows or should know of the necessity and opportunity for exercising such control." Restatement (Second) of Torts, sec. 318 (1965).

No Illinois case has adopted section 318 of the Restatement (Second) of Torts, upon which plaintiff relies. The appellate court in *Fugate v. Galvin* (1980), 84 Ill. App. 3d 573, 406 N.E.2d 19, did note, in *dictum*, that a "land possessor," as referred to in section 318, was one of the special relationships in which a duty could rise to control the conduct of a third party to prevent injury to another. (84 Ill. App. 3d 573,

574-75.) In *Fugate*, however, the court declined to create a duty on the part of a passenger in an automobile towards a plaintiff who was struck and injured by it and did not consider the question presented by this case.

Plaintiff cites cases from other jurisdictions which have relied, in part, upon section 318 of the Restatement to establish a duty on the part of a landowner to control the conduct of persons permitted to use his land so as to prevent injury to others. (See *e.g., Comeau v. Lucas* (1982), 90 App. Div. 2d 674, 455 N.Y.S.2d 871; *Huyler v. Rose* (1982), 88 App. Div. 2d 755, 451 N.Y.S.2d 478; *DeRosa v. Fordham University* (1963), 18 App. Div. 2d 1056, 238 N.Y.S.2d 778; *Stevens v. City of Pittsburg* (1938), 329 Pa. 496, 198 A. 655; *Honaman v. City of Philadelphia* (1936), 322 Pa. 535, 185 A. 750; *Pease v. Parsons* (1930), 273 Mass. 111, 173 N.E. 406.) Plaintiff also offers *Martin v. Shea* (Ind. App. 1982), 432 N.E.2d 46, as authority to establish a host's duty to control his guests. That case was reversed, however, by the Indiana Supreme Court, which held that as plaintiff was a licensee, the general principles of premises liability applied limiting the duty of a defendant-host toward plaintiff-licensee. *Martin v. Shea* (Ind. 1984), 463 N.E.2d 1092.

At the time of the occurrence in August 1982, Illinois followed the "premises doctrine" under which the duty of an occupier of premises to persons entering it depended upon whether the entrant was an invitee, licensee or trespasser. (*Pashinian v. Haritonoff* (1980) 81 Ill. 2d 377, 380, 410 N.E.2d 21.) The highest duty imposed by law was to an invitee to whom a land owner owed a duty to maintain the premises in a reasonably safe condition and to warn of dangerous latent conditions. (*Concoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 329, 383 N.E.2d 177.) A licensee or social guest could recover from the occupier of premises only upon a showing of his wilful and wanton misconduct (81 Ill. 2d 377, 379), and, as to a trespasser, generally the only duty owed by the occupier of premises is to not wilfully and wantonly injure him. *Votava v. Material Service Corp.* (1979), 74 Ill. App. 3d 208, 212, 392 N.E.2d 768.

■ The "premises doctrine" has been abolished in Illinois, effective September 12, 1984, upon the enactment of the Premises Liability Act (Ill. Rev. Stat., 1984 Supp., ch. 80, par. 301 *et seq.*), under which the duty owed to invitees and licensees by an owner or occupier of premises is that of reasonable care. The duty owed to a trespasser in such circumstances was not changed by the Act. (Ill. Rev. Stat., 1984 Supp., ch. 80, par. 303.) As the Premises Liability Act became effective after the occurrence upon which this case is based, it is not applicable here.

Count IX of plaintiff's complaint alleges that his injuries occurred while upon defendants' premises by reason of an intentional assault by one of the defendants and certain of their guests. This count of the complaint does not, however, suggest what was plaintiff's status upon the property, *i.e.*, invitee, licensee, social guest or trespasser so as to give rise to the appropriate duty. At most, there is a suggestion in certain allegations of the complaint that the assault occurred in or upon an easement owned by defendants across the public street which apparently separates defendants' residential property from their beach-side property. If that be the case, plaintiff was, at most, a licensee permitted to traverse defendants' easement over the public roadway. As he was not there at defendants' invitation, express or implied, that status would not create a duty on the part of the owner of the easement to protect plaintiff from harm. (*Pearce v. Illinois Central Gulf R.R. Co.* (1980), 89 Ill. App. 3d 22, 31, 411 N.E.2d 102.) A property owner is under no duty to make his premises safe for a licensee, but does have a duty to warn the licensee of concealed defects known to the owner and refrain from wilfully and wantonly injuring him. (*Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 336, 443 N.E.2d 1162.) Count IX of plaintiff's complaint does not purport to plead a cause of action under the traditional premises doctrine applicable at the time of the alleged intentional attack upon him by defendant, Richard Wendorw, and guests at the party, but relies solely upon the duty principle noted in section 318 of the Restatement (Second) of Torts (1965).

■ It has been held in Illinois that, in the absence of a special relationship between a defendant and the injured person, there is no duty imposed to protect against the criminal acts of a third party. (*Pippin v. Chicago Housing Authority* (1979), 78 Ill. 2d 204, 208, 399 N.E.2d 596; *Hosein v. Checker Taxi Co.* (1981), 95 Ill. App. 3d 150, 154, 419 N.E.2d 568; *Whalen v. Lang* (1979), 71 Ill. App. 3d 83, 85, 389 N.E.2d 10.) The Illinois courts have generally adopted those special relationships noted in section 314A of the Restatement (Second) of Torts (1965) (*Hosein v. Checker Taxi Co.* (1981), 95 Ill. App. 3d 150, 154, 419 N.E.2d 568), which include common carrier-passenger, innkeeper-guest, a possessor of land who holds it open to the public and his invitees, and custodian-ward. (See Restatement (Second) of Torts sec. 315(b) (1965); *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 559-60, 328 N.E.2d 538; Svalina, *Pleading a Duty to Protect Persons from Criminal Attack in Illinois*, 73 Ill. B.J. 668 (1985).) It is apparent plaintiff does not allege that any of these relationships exist which may raise a duty on the part of defendant to protect plaintiff against an unreasonable risk of physical injury.

The general rule offered by section 315(a) of the Restatement (Second) of Torts (1965), relating to a similar duty, also provides:

> "There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
>
> (a) a special relation exists between the actor [defendant] and the third person which imposes a duty upon the actor to control the third person's conduct ***." (Restatement (Second) of Torts sec. 315(a) (1965).)

The special relationships noted in section 315(a) are considered by the Restatement to refer to that of parent-child, master-servant, land or chattel possessor-permitted user of his land or chattel and custodian of a person with dangerous propensities. See *Fugate v. Galvin* (1980), 84 Ill. App. 3d 573, 575, 406 N.E.2d 10.

The relationship between defendants and the social guests who defendants permitted to use their land in the present case has not been recognized in Illinois as sufficient to impose a duty upon a landowner or possessor to a third party such as plaintiff, and we decline to do so here. At the time of the conduct alleged to have caused plaintiff's injuries it was established that Illinois subscribed to the "premises doctrine" under which an occupier's duty to persons entering his land was determined by whether the entrant was an invitee, licensee-social guest or trespasser. Our supreme court specifically declined to change this doctrine in *Pashinian v. Haritonoff* (1980), 81 Ill. 2d 377, 410 N.E.2d 21, and this court may not adopt a different standard. As a licensee, which plaintiff appears to be, he was required to allege facts showing that defendants failed to warn plaintiff of concealed defects known to defendants or injured plaintiff by wilful and wanton conduct. (*Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 336, 443 N.E.2d 1163.) Count IX of plaintiff's complaint is premised upon the alleged ordinary negligence of defendants in failing to control the conduct of their guests and is insufficient, as a matter of law, to establish a duty to plaintiff under these facts.

In view of our resolution of this issue, we need not consider the question of the sufficiency of the complaint to state a cause of action under section 318 of the Restatement (Second) of Torts.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SCHNAKE and LINDBERG, JJ., concur.