CHRISTOPHER THORNBURG, a Minor by Cynthia Thornburg, his Mother and Next Friend, Plaintiff-Appellant, v. CRYSTAL LAKE PARK DISTRICT, Defendant-Appellee (Jennifer Jacobson, a Minor, and Ronald Jacobson, as her Father and Next Friend, *et al.*, Defendants).

Second District   No. 2—87—1030

Opinion filed June 8, 1988.—Rehearing denied July 19, 1988.

Bruce W. Plattenberger, of Chicago, for appellant.

Edward L. Cooper, of Kiesler & Berman, of Chicago, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:
The plaintiff, Christopher Thornburg, appeals from an order of the trial court which dismissed his complaint against the defendant, the Crystal Lake Park District. On appeal, plaintiff contends that the trial court erroneously dismissed his complaint because he stated a valid cause of action in negligence. We affirm.

On September 20, 1985, plaintiff filed a two-count complaint sounding in negligence against Jennifer Jacobson, Jennifer's father, McHenry County, the Village of Crystal Lake, and defendant. Count I alleged that Jennifer negligently struck plaintiff with a hockey stick causing him to be seriously injured. Count I is not at issue in this appeal. Count II alleged that McHenry County, the Village of Crystal Lake, and defendant were responsible for maintaining, operating, and supervising the Crystal Lake Main Beach. Count II further alleged that due to the negligent supervision of the county, village, and defendant, plaintiff suffered serious injuries when Jennifer struck him with a hockey stick. Defendant waived its immunity from suit because it purchased liability insurance.

The trial court granted motions for summary judgment in favor of the village and county. On October 25, 1985, defendant filed a motion to dismiss plaintiff's complaint asserting that it had no duty to protect plaintiff from the criminal acts of a third party. In granting defendant's motion to dismiss, the trial court stated, *inter alia*:

"The plaintiff in this case has stated mere conclusions and failed to establish sufficient facts in it's pleadings to show that the Crystal Lake Park District owed a duty to the plaintiff."

Plaintiff was allowed to file an amended complaint. In the relevant part, count II of plaintiff's amended complaint stated:

"1. That on February 17, 1985, THORNBURG was conducting himself peacefully and lawfully at or near that area known as Crystal Lake Main Beach in Crystal Lake, McHenry County, Illinois.

2. That THORNBURG was at that time and place using the Crystal Lake Main Beach as a resident of Crystal Lake, and upon the express invitation of the Crystal Lake Park District.

3. That said Crystal Lake Main Beach was, on the date aforementioned, maintained, operated, supervised, and controlled by the Crystal Lake Park District (the PARK DISTRICT).

4. That the defendant, PARK DISTRICT, advertised to THORNBURG and other members of the general public that on the date aforementioned a certain structure located at Crystal Lake Main Beach would be open and available to members of the general public, which structure contained a public telephone.

5. Through its advertisements, defendants represented to THORNBURG and other members of the general public that on the date in question it would provide supervision for ice skaters, and other persons on the premises of Crystal Lake Main Beach.

6. Defendant, PARK DISTRICT, knew or should have known that members of the public would rely upon such aforesaid advertisements.

7. Plaintiff, THORNBURG, did in fact, rely on aforesaid advertisements.

8. That on the date aforementioned, THORNBURG was struck with a hockey stick by a certain JENNIFER JACOBSON while peacefully conducting himself at Crystal Lake Main Beach.

9. That as a result, THORNBURG was seriously injured.

* * *

12. The defendant, PARK DISTRICT, having assumed the duty to provide supervision over ice skaters at Crystal Lake Main Beach, and to provide a shelter containing a public telephone was at the time of aforesaid occurrence then and there guilty of negligence for the nonperformance of the assumed duty in one or more of the following ways:

    a. Failed to supervise the activities of those persons using the Crystal Lake Main Beach;

    b. Failed to maintain the structure so that on the date in question THORNBURG could have gained refuge therein;

    c. Failed to maintain said structure so that the public telephone was available for contacting emergency medical personnel on the date in question."

Defendant filed a second motion to dismiss asserting essentially the same grounds as its original motion. Plaintiff's response to defendant's motion asserted that defendant voluntarily assumed a duty to supervise its skating area and defendant negligently performed its duty to supervise. Plaintiff's response further stated that the amended complaint alleviated the conclusory allegations found in his original complaint. On September 18, 1987, the trial court granted defendant's motion to dismiss count II of plaintiff's amended complaint. Pursuant to Supreme Court Rule 303(e) (107 Ill. 2d R. 303(e)), we granted plaintiff's motion to file a late notice of appeal.

■ Initially, we note that defendant has filed a motion in this court to strike plaintiff's reply brief. Plaintiff filed an answer to defendant's motion, and we ordered that the motion and answer be taken with the case. While not entirely clear from its motion, defendant appears to contend that it has suffered prejudice because plaintiff's reply brief cited 16 cases while plaintiff's appellate brief cited only two. Defendant cites no authority supporting its position. After carefully reading plaintiff's reply brief, we deem it responsive to the contentions and points which defendant's appellate brief raised. Therefore, defendant's motion to strike plaintiff's reply brief is denied, and we proceed to the issue raised on appeal.

Plaintiff's sole contention on appeal is that defendant either owed a duty or assumed a duty to supervise its skating area.

■ ■ A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that there are no facts pleaded which would entitle the plaintiff to relief. (*Zimring v. Wendrow* (1985), 137 Ill. App. 3d 847, 850.) There can be no recovery in tort unless a complaint alleges facts which establish a duty on the

part of the defendant toward the plaintiff. (*Zimring*, 137 Ill. App. 3d at 850.) Whether there is a duty is a question of law which a court shall determine. *Zimring*, 137 Ill. App. 3d at 850.

■ The legal concept of duty is not sacrosanct in itself but merely an expression of the sum total of those policy considerations which lead the law to say that a particular plaintiff is entitled to protection. (*Nelson v. Commonwealth Edison Co.* (1984), 124 Ill. App. 3d 655, 662.) A judge's function in a duty determination involves complex considerations of the legal and social policies which will directly affect the limits of governmental protection. (*Nelson*, 124 Ill. App. 3d at 662.) Although the reasonable foreseeability of injury is a key concern in determining whether a duty exists, a court must also consider the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden upon the defendant. *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 526.

■ In its motion to dismiss, defendant asserted that it had no duty to protect plaintiff from the criminal acts of a third person. Section 315 of the Restatement (Second) of Torts states:

> "There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
>
> (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
>
> (b) a special relation exists between the actor and the other which gives to the other a right to protection." (Restatement (Second) of Torts, §315 (1965).)

The special relationships to which the Restatement refers are that of parent-child, master-servant, possessor of land or chattels and the user of the land or chattels, and a person with dangerous propensities. See *Zimring*, 137 Ill. App. 3d at 853.

■ As plaintiff's complaint makes clear, he was injured when Jennifer intentionally struck him with a hockey stick. In this case, defendant was not under a legal duty to prevent injuries to skaters caused by the intentionally tortious conduct of a third party, and no special relationship existed between defendant and either plaintiff or Jennifer which justifies imposing a duty upon defendant or giving plaintiff a special right to protection. Therefore, under the Restatement, defendant does not owe plaintiff a duty to supervise and control the intentionally tortious conduct of others.

■ Furthermore, we do not believe that the imposition of a duty on defendant would be proper in light of other considerations. In our

view, while it might be foreseeable that a minor would engage in some roughhousing at a skating rink, it is not *reasonably* foreseeable that the minor's actions would include the type of conduct which took place in this case. Jennifer's conduct was aberrant, unexpected, and not the type of behavior usually encountered at a skating rink. The burden of guarding against this type of injury would be very cumbersome on defendant, which would have to provide a supervisor for nearly every skater to ensure that no skater has an opportunity to injure other skaters. We conclude that plaintiff's complaint failed to state a cause of action because, under the particular facts of this case, plaintiff has not shown that defendant owed him a duty to supervise and control the intentionally tortious conduct of others.

Accordingly, for the reasons expressed above, the decision of the trial court is affirmed.

Affirmed.

DUNN and NASH, JJ., concur.