# Illinois Official Reports

## Appellate Court

---

### *Perez v. Chicago Park District*, 2016 IL App (1st) 153101

---

| | |
|---|---|
| Appellate Court Caption | KRISTINA PEREZ, Plaintiff-Appellant, v. THE CHICAGO PARK DISTRICT, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-15-3101 |
| Filed<br>Rehearing denied | September 13, 2016<br>October 7, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-L-5302; the Hon. Eileen M. Brewer, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Milo W. Lundblad and Anthony B. Gordon, both of Brustin & Lundblad, Ltd., of Chicago, for appellant.<br><br>George P. Smyrniotis and Heather L. Keil, both of Chicago Park District, for appellee. |
| Panel | PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.<br>Justices Pierce and Neville concurred in the judgment and opinion. |

**OPINION**

Plaintiff Kristina Perez sued the Chicago Park District after she was severely and permanently injured while at Chicago's West Lawn Park when two men illegally set off fireworks that exploded next to her. The trial court granted the Park District's motion to dismiss under the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1-101 *et seq.* (West 2014)) and denied Perez's oral request to file a fourth amended complaint.

We affirm. Perez failed to plead a cause of action for willful and wanton conduct because (i) the fireworks were not a "condition" of the Park District's property under section 3-106 of the Act, (ii) the Park District never "undertook to supervise" the fireworks under section 3-108(a), (iii) the Park District had no common-law duty to supervise the two men under section 3-108(b), and (iv) the hazardous fireworks display was not "conducted" by the Park District under section 3-109. And an amended complaint could not cure these defects.

BACKGROUND

On July 4, 2013, Kristina Perez went to West Lawn Park to celebrate Independence Day. The Park District prohibits the use of fireworks on public property without a permit, but that did not stop Thomas Lagowski and Krzysztoff Gros from illegally igniting fireworks, one of which exploded next to Perez. She suffered injuries, causing amputation of her right foot and part of her lower leg.

Perez sued the Park District, Lagowski, Gros, and the City of Chicago. The Park District moved to dismiss under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2014)), arguing that the Act barred any claim against it. Before the motion was fully briefed, Perez amended her complaint twice more. Perez's third amended complaint, as to the Park District, pled negligence (count I), willful and wanton conduct (count II), willful and wanton conduct as owner-occupier (count III), and strict liability for hazardous activity (count IV). (After filing her third amended complaint, Perez voluntarily dismissed the City of Chicago and settled with Lagowski and Gros.) The Park District did not file a new motion to dismiss but relied on its original motion. The trial court dismissed the third amended complaint with prejudice. Perez then made an oral motion for leave to file a fourth amended complaint, which the trial court denied.

ANALYSIS

As an initial matter, Illinois Supreme Court Rule 342(a) requires an appellant's brief include "as an appendix, *** a complete table of contents, with page references, of the record on appeal." Ill. S. Ct. R. 342(a) (eff. Jan. 1, 2005). The table of contents to Perez's brief does not comply with Rule 342(a). Perez's appellant brief does not contain a table of contents to the record on appeal but instead a one-page table of contents with references to the pages of the appendix attached to her appellant brief.

We remind counsel that our supreme court rules are not advisory suggestion. See, *e.g.*, *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57. If counsel is unsure about how to prepare a formal brief, it is better to seek clarification than forgiveness. When a brief fails to follow the requirements set forth in Rule 342(a), we may dismiss the appeal. *Fender v. Town of*

*Cicero*, 347 Ill. App. 3d 46, 51 (2004). But the argument section of Perez's appellant brief provides references to the volume and pages of the record on appeal, as required by Illinois Supreme Court Rule 341(h)(7) (eff. July 1, 2008), so that we are able to assess whether the facts Perez presents are accurate and a fair portrayal. Thus, we choose to exercise our discretion and address the issues she claims on their merit.

¶ 9                                                Motion to Dismiss

¶ 10    A motion to dismiss under section 2-619 of the Code admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the plaintiff's claim. *Neppl v. Murphy*, 316 Ill. App. 3d 581, 584 (2000). In addition, "it is well established that a cause of action should not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleadings which would entitle plaintiffs to relief." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). For a section 2-619 dismissal, our standard of review is *de novo*. *Neppl*, 316 Ill. App. 3d at 583.

¶ 11    The trial court, in granting the motion to dismiss, did not state reasons for the dismissal. We can affirm "on any basis present in the record." *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004). Also, Perez argues two additional sections of the Act for the first time in her appellate brief—maintaining dangerous conditions on its property and failing to supervise Lagowski and Gros. See 745 ILCS 10/3-106, 3-108 (West 2014). While we may consider issues not raised in the trial court waived, waiver is not a limitation on the reviewing court, and we will consider Perez's arguments. See *Barnett v. Zion Park District*, 171 Ill. 2d 378, 389 (1996).

¶ 12    In its motion to dismiss, the Park District argued it had absolute immunity for any failure to follow its laws and enactments, to inspect property other than its own for hazards, to provide police protection, and to make arrests. See 745 ILCS 10/2-103, 2-205, 4-102, 4-107 (West 2014). The parties dispute whether the Act's immunities with explicit willful and wanton exceptions override the immunities without explicit willful and wanton exceptions. Perez maintains that sections 3-106, 3-108, and 3-109 of the Act apply specifically to parks and recreational activities, contain exceptions for willful and wanton conduct, and override the more general immunities relied on by the Park District.

¶ 13    For support, Perez cites *Doe v. Calumet City*, 161 Ill. 2d 374 (1994), where our supreme court held an implicit, general exception for willful and wanton conduct applies to all the Act's immunities. The Park District correctly notes that the supreme court reversed course in *Reis v. City of Chicago*, 242 Ill. 2d 205 (2011), finding that there is no implied willful and wanton exception to every immunity in the Act.

¶ 14    Perez, however, is not arguing a general exception to the Park District's immunities but points to specific immunities within the Act that explicitly state a cause of action for willful and wanton conduct and argues that those specific sections override general exceptions. While the court in *Reis* found no general willful and wanton exception, "Where the legislature has chosen to limit an immunity to cover only negligence, it has unambiguously done so." (Internal quotation marks omitted.) *Id.* at 223. For our purposes, the Park District still prevails regardless of whether the immunities with explicit willful and wanton exceptions override the immunities without explicit willful and wanton exceptions.

## Section 3-106

Perez first asserts that section 3-106 permits her to sue the Park District. Section 3-106 states that a public entity is not liable "based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including *** parks *** unless such local entity *** is guilty of willful and wanton conduct proximately causing such injury." 745 ILCS 10/3-106 (West 2014). Perez argues that the Park District committed willful and wanton conduct by knowingly allowing dangerous fireworks on its property.

There is a difference between a condition and an activity under section 3-106. *Moore v. Chicago Park District*, 2012 IL 112788, ¶ 15. Perez can only claim the willful and wanton exception under section 3-106 if her injury was caused by a *condition of* the Park District's property, not an *activity conducted on* it. In *Moore*, the plaintiff fell due to snow and ice in a public parking lot. *Id.* ¶ 3. Applying section 3-106, the Illinois Supreme Court held, "[T]he relevant inquiry in determining whether something is a 'condition' within the meaning of section 3-106 is whether a plaintiff's injury was caused by the property itself or by an activity conducted on the property." *Id.* ¶ 15. The court explained that activities conducted on the property are not "conditions" of the property for purposes of section 3-106. *Id.* Because the snow and ice that injured the plaintiff in *Moore* were conditions of the property, section 3-106 applied. *Id.* ¶ 17.

The court's ruling in *Moore* echoes its ruling in *McCuen v. Peoria Park District*, 163 Ill. 2d 125 (1994), where a runaway mule hauling a hayrack dragged the plaintiff across park property. The court considered whether the hayrack was a condition of the property or an activity conducted on the property. *Id.* at 127. The court refused to apply section 3-106 because the hayrack was an activity conducted on the property, not a condition of the property itself. *Id.* The court reasoned that the plaintiff was injured due to misuse of the property, not its condition. *Id.* "If otherwise safe property is misused so that it is no longer safe, but the property itself remains unchanged, any danger presented by the property is due to the misuse of the property and not to the condition of the property." *Id.* at 129.

Regarding Perez's injuries, lighting fireworks on public property may be a dangerous activity, but it is not a dangerous condition. The condition of the property itself did not cause Perez's injuries; rather, a dangerous activity conducted on the property was the cause. Perez argues that the property was temporarily misused by Lagowski and Gros, not that the property was inherently unsafe. Therefore, following the supreme court's guidance in *Moore* and *McCuen*, we hold that section 3-106 does not apply.

## Section 3-108(a)

Next, Perez argues that under section 3-108(a), the Park District is liable for failing to properly supervise Lagowski and Gros. Section 3-108(a) states that, "a local public entity *** who undertakes to supervise an activity on or the use of any public property" is not liable for an injury "unless the local public entity or public employee is guilty of willful and wanton conduct in its supervision proximately causing such injury." 745 ILCS 10/3-108(a) (West 2014).

Perez does not state a cause of action for willful and wanton conduct under section 3-108(a). Perez does not allege that the Park District undertook to supervise Lagowski and Gros, but the opposite: the Park District was liable for failure to supervise them.

¶ 23    The Park District also maintains that section 3-108(b) applies only if the public entity had a duty "imposed by common law, statute, ordinance, code or regulation" to supervise the activity. *Id.* The Park District argues it had no duty. In response, Perez contends that the Park District had a common-law duty to supervise Lagowski and Gros. Perez cannot support this argument.

¶ 24    Perez cites *Deerhake v. DuQuoin State Fair Ass'n*, 185 Ill. App. 3d 374 (1999). The court in *Deerhake* held that the defendant had a duty to protect invitees from open and obvious dangers associated with unauthorized drag racing. *Id.* at 381. The court addressed the common-law duty to protect, not the common-law duty to supervise. *Id.* at 381-82; see *Brooks v. McLean County Unit District No. 5*, 2014 IL App (4th) 130503, ¶ 35 (court distinguished between duty to protect and duty to supervise in determining whether section 3-108(b) applied to plaintiff who was struck in stomach by fellow student). The term "supervision" never appears in *Deerhake*; Perez confuses the duty to protect with the duty to supervise. Accordingly, *Deerhake* does not support Perez's argument.

¶ 25    Also, generally, public landowners have no duty to supervise tortious behavior by third parties. See *Geimer v. Chicago Park District*, 272 Ill. App. 3d 629, 634 (1995) (park district had no common-law duty to supervise student who hit plaintiff over the head with hockey stick (citing *Thornburg v. Crystal Lake Park District*, 171 Ill. App. 3d 329, 333 (1988))).

¶ 26                                        Section 3-109

¶ 27    Section 3-109 states that a public entity is not liable to any spectator who is injured due to a hazardous recreational activity unless the public entity failed "to guard or warn of a dangerous condition of which it has actual or constructive notice and of which the participant does not have nor can be reasonably expected to have had notice" or engaged in "willful and wanton conduct *** which is a proximate cause of the injury." 745 ILCS 10/3-109(c)(1), (2) (West 2014).

¶ 28    Perez argues that she states a cause of action for willful and wanton conduct under section 3-109. Perez argues that a hazardous activity is "a recreational activity conducted on property of a local public entity which creates a substantial *** risk of injury to a participant or a spectator." 745 ILCS 10/3-109(b) (West 2014). Perez then points to section 3-109(b)(3), which contains a laundry list of hazardous activities, including "rocketeering." 745 ILCS 10/3-109(b)(3) (West 2014). In response, the Park District argues that "rocketeering" and "setting off fireworks" are not the same thing. We do not need to delve into the intricacies of pyrotechnics. Perez's claim does not stand or fall on the definition of "rocketeering" but, rather, on whether the hazardous activity was "conducted" by the Park District.

¶ 29    If the hazardous activity that caused the injury was not conducted by a public entity or public employee, section 3-109 does not apply. *Choice v. YMCA of McHenry County*, 2012 IL App (1st) 102877. In *Choice*, campers drowned in the Fox River during their final night at Camp Algonquin, a weeklong program supervised by the defendant. *Id.* ¶ 6. The campers drowned after sneaking out of their bunkhouse and setting off down the Fox River in the camp's paddle-boats. *Id.* ¶ 9. One of the paddle-boats was missing its drain plugs, filled with water, and sank, claiming the lives of the three campers. *Id.* The campers' estates sued under section 3-109, arguing that paddle-boating was a hazardous activity conducted on public property, thereby subjecting the defendant to a cause of action for willful and wanton conduct.

¶ 30    The Illinois Supreme Court disagreed. The court held that, "the paddleboat excursion that led to the Choice plaintiffs' deaths was not 'conducted' by the school defendants within the meaning of section 3-109(b), since it was not in any way done at the direction of the school defendants." *Id.* ¶ 36; see also *Grandalski v. Lyons Township High School District 204*, 305 Ill. App. 3d 1, 11-12 (1988) (under section 3-109, school district was not liable to student who spontaneously performed a "flip-flop" during a gymnastics class without prompting from school faculty).

¶ 31    Even if we assume that setting off fireworks is a hazardous activity under the Act, Perez cannot prevail under section 3-109 because the Park District did not "conduct," sanction, or license that hazardous activity undertaken by Lagowski and Gros. The Park District forbade the use of fireworks on its property without a permit. Following the Illinois Supreme Court's decisions in *Choice* and *Grandalski*, we find that the Park District is not subject to liability for willful and wanton conduct under section 3-109.

¶ 32                                Fourth Amended Complaint

¶ 33    Perez claims that the trial court improperly denied her oral motion to file a fourth amended complaint. Perez has not included a proposed amended complaint in the record on appeal. Our supreme court held in *Kirk v. Michael Reese Hospital & Medical Center*, 117 Ill. 2d 507, 521 (1987), that when a plaintiff fails to make a proposed amended complaint part of the record, he or she waives the right to have this court review the trial court's denial of the motion. By failing to include the amended complaint in the record on appeal, Perez has forfeited her right to have this court review the trial court's denial of her motion for leave to amend her complaint. Moreover, the record contains no transcript of the proceedings on Perez's oral motion to amend; thus, we cannot review the trial court's findings to determine whether error occurred. Without a record of the proceeding, we must presume that the trial court had a sufficient factual basis for its determination and that it conforms with the law. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 34    Even if Perez preserved a record of her amended appeal, the amendments she proposes in her brief would not cure the defects in her complaint. Because her proposed amendments would not cure the defects, the trial court did not err in denying her motion to amend. See *Keefe-Shea Joint Venture v. City of Evanston*, 364 Ill. App. 3d 48, 62 (2005) (if proposed amendments would fail to cure defects in pleadings, other factors need not be considered). In her brief, Perez says her fourth amended complaint would "include only those allegations that were discussed in this appeal." Allowing her to amend her complaint to include claims we have already found lacking would not cure any defects.

¶ 35    Affirmed.