No. 1-02-0652

PETER MARZANO,                          )    Appeal from the

                                        )    Circuit Court of

               Plaintiff-Appellant,     )    Cook County.

                                        )   

v.                                      )    

                                   )

THE DEPARTMENT OF EMPLOYMENT        )

SECURITY; DIRECTOR, THE DEPARTMENT ) No. 01 L 51206

OF EMPLOYMENT SECURITY; BOARD OF   ) 

REVIEW; and the BOARD OF EDUCATION    ) 

OF CICERO SCHOOL DISTRICT NO. 99,       )    Honorable

                                        )    Joanne L. Lanigan,

               Defendants-Appellees.    )    Judge Presiding.

JUSTICE REID delivered the opinion of the court:

In June 2001, plaintiff Peter Marzano filed a claim for unemployment insurance benefits with the Illinois Department of Employment Security (Department).  After his claim was denied, plaintiff filed an application for reconsideration.  The Board of Review affirmed its decision.  Plaintiff filed a 
pro se
 complaint in the circuit court seeking administrative review of the Board of Review's denial of his claim.  The trial court confirmed the Board of Review's decision.  Subsequently, plaintiff filed a 
pro se
 appeal.

The record establishes that plaintiff began working for Cicero School District 99 (the district) on May 24, 1999, as a substitute teacher on a day-to-day, as-needed basis.  On August 26, 1999, plaintiff became a full-time teacher for the school district for the 1999-2000 school year.  However, on March 30, 2000, plaintiff received a letter informing him that his full-time teaching services would not be renewed for the 2000-01 school year.  In August 2000, plaintiff received a letter from the school district informing him that it was interested in his services as a substitute teacher for the following school year and requesting an updated teaching certificate from him.  Plaintiff performed services for the school district as a day-to-day, as-needed substitute teacher for the 2000-01 school year.  Plaintiff's last day of work for the school district was June 8, 2001.

In June 2001, plaintiff filed a claim for unemployment insurance benefits with the Department.  On July 19, 2001, the claims adjudicator denied plaintiff's claim, finding him ineligible for compensation under section 612(B)(1) of the Illinois Unemployment Insurance Act (the Act) (820 ILCS 405/612(B)(1) (West 2000)) because plaintiff had not received a letter of discharge from the school district.  

Plaintiff filed for reconsideration, arguing that a day-to-day substitute teacher has no assurance of work because "you must wait for a call to work each morning when school is in session." The claims adjudicator affirmed his decision, finding that plaintiff did not have a letter of layoff or contract termination and had a reasonable assurance of becoming employed in the next academic year.  

Next, plaintiff appealed to a referee for the Department. During a telephone hearing that took place on August 30, 2001, plaintiff testified, among other things, that (1) he never worked summers; (2) the school district sent him a letter each August, asking him if he was available for work as a substitute teacher the coming school year; (3) he had received such a letter in August 2000 as well as August 2001 and both times he had responded that he wanted to work for the school district; (4) summer is a recognized break period in the school district; and (5) no one with the school district ever told him that he was laid off.  On August 31, 2001, the referee who conducted the telephone interview affirmed the claims adjudicator's determination, finding that plaintiff was disqualified from receiving unemployment benefits under section 612 of the Act because he had reasonable assurances that he would be returning to work as a substitute teacher in the fall of 2001.  

Plaintiff appealed this decision to the Board of Review. Plaintiff noted that as of September 17, 2001, he had not been called to work for the school district and that he was "made to live in fear of a recoup."  On November 19, 2001, the Board of Review affirmed the referee's decision, finding that plaintiff was ineligible for benefits under section 612 of the Act, where he had a reasonable assurance of performing instructional service as a substitute teacher for an educational institution in the upcoming school year or term based upon a sequence of previous conduct and practice.  

On November 30, 2001, plaintiff filed a 
pro se
 complaint in the circuit court, seeking administrative review of the Board of Review's decision.  On February 20, 2002, the trial court confirmed the Board of Review's decision, finding that the decision was neither against the manifest weight of the evidence nor contrary to law.  Plaintiff now appeals from the trial court's order. 

As a threshold matter, we note that defendants filed a motion to dismiss plaintiff's appeal for his failure to comply with Supreme Court Rules 341 (188 Ill. 2d R. 341) and 342 (155 Ill. 2d R. 342), which govern the contents of an appellant's brief and appendix.  This court took the motion to dismiss with the case.  Defendants are correct that plaintiff's one-page appellate brief is deficient and not in compliance with Supreme Court Rules 341 and 342.  Such lack of compliance can warrant dismissal of the appeal.  
E.g.
, 
Niewold v. Fry
, 306 Ill. App. 3d 735, 737 (1999).  However, because the record before us is short and sufficient, and because the issues are simple, we will consider the propriety of the denial of unemployment benefits to plaintiff.

On appeal, plaintiff requests that this court forward "official notice that unemployment compensation paid to him during the summer of 2001 will never (or for at least five yrs: waiver) be recouped in any way or ever infringe upon any future unemployment claims as he is basically at poverty level income."  Because there is no administrative decision ordering recoupment of any overpayment of unemployment compensation paid to plaintiff, waiver of recoupment is not before this court.

Plaintiff's next apparent argument is that section 612 of the Act does not apply to day-to-day substitute teachers and therefore he is entitled to unemployment payments.  Where, as here, the issue on appeal involves an examination of the legal effect of a given set of facts, a mixed question of law and fact is involved, and the agency's determination should be affirmed unless it is found to be clearly erroneous.  See 
AFM Messenger Service, Inc. v. Department of Employment Security
, 198 Ill. 2d 380, 390-91 (2001).  This standard is met only where, upon review of the entire record, the reviewing court is "'left with the definite and firm conviction that a mistake has been committed.  [Citation.]'"  
AFM Messenger Services, Inc.
, 198 Ill. 2d at 395.  

The pertinent portion of section 612(B)(1) of the Act provides the following:

"An individual shall be ineligible for benefits, on the basis of wages for service in employment in an instructional *** capacity ***."  820 ILCS 405/612(B)(1) (West 2000).  

The plain language of section 612 does not differentiate between full-time teachers and substitute teachers but, rather, refers to individuals employed in an instructional capacity.  As a substitute teacher, plaintiff falls under that category.  

Plaintiff also appears to argue that he had no reasonable assurance of future work, as is required for application of section 612.  We disagree.  The Department defines "reasonable assurance" as follows:

"an inference or expectation based upon a sequence of previous conduct, practice, or course of dealing, *** which is fairly to be regarded as establishing a common basis of understanding that the individual working in one year, term, or season, or prior to a vacation period or holiday recess may be expected, under normal circumstances, to have continued employment in the next year, term, or season, after an 'off-term' or 'off-season' interruption, or at the conclusion of the vacation period or holiday recess."  56 Ill. Adm. Code §2915.1 (West 2000).

The Department's regulations further state:

"The reasonable assurance *** shall be presumed if such individual has a written, verbal, or implied agreement that covers or extends into the second academic year or term, or after the vacation period or holiday recess, to perform for any educational institution or educational service agency, academic or non-academic services. Continuation of service in the second academic year or term or after the vacation period or holiday recess is implied if there has been a pattern of such continuation from one academic year or term to another or following vacation periods or holiday recesses over a number of years or when the individual has not been given a notice of termination by the educational institution or educational service agency providing employment in the first of the two academic years or terms or prior to the vacation period or holiday recess."  56 Ill. Adm. Code §2915.20 (West 2000).

In this case, plaintiff testified that each August, including August 2001, the school district would mail him a letter inquiring about his interest in working as a substitute teacher the following school year.  Under these facts, plaintiff had a reasonable assurance of future work as a substitute teacher for the 2001-02 school year, based on previous conduct and practice between himself and the school district.  Plaintiff was never notified that he had been laid off.  The letter notifying him that he would no longer be employed as a full-time teacher does not constitute a letter of dismissal for purposes of section 612, as thereafter plaintiff was employed as a substitute teacher and the above-mentioned pattern of conduct was established.  

After reviewing the record and considering the apparent issues raised by plaintiff, we find no indication that a mistake has been committed. 

For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

CAMPBELL, P.J. and HARTIGAN, J., concur.