SECOND DIVISION

March 16, 2004

 Nos. 1-02-0950 and 1-02-3545, Consolidated

SANDRA FENDER AND FRANK FENDER, Indiv. and  as Parents and Next Friend of Matty Fender, a Minor, 

Plaintiffs-Appellants,

v.

THE TOWN OF CICERO, a Municipal Corporation; JOHN DOE(S), the Town of Cicero Police Officers; WALDEMAR A. CRUZ, Indiv. and as Agent and/or Employee of the Town of Cicero; LOUIS G. MAZZA, Indiv., and as Agent and/or Employee of the Town of Cicero; JERRY A. SIMEK, Indiv., and as Agent and/or Employee of the Town of Cicero,

Defendants-Appellees.

________________________________________________

COLLEEN M. POULL, as Special Adm'r of the Estates of Kevin Christopher Poull, Charissa Marie Poull, Shawn Anthony Poull, William John Poull, and Stephanie Marie Martin, Deceased Minors,

Plaintiff-Appellant,

v.

THE TOWN OF CICERO, a Municipal Corporation,

Defendant-Appellee

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from

the Circuit Court

of Cook County

No. 01 L 6405

   

    

Honorable

David R. Donnersberger,

Judge Presiding.

__________________________

Appeal from

the Circuit Court

of Cook County

No. 01 L 6402

     

 

Honorable

Jennifer Duncan Brice,

Judge Presiding.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiffs Sandra Fender, Frank Fender and Colleen M. Poull appeal from the dismissals of their complaints against the Town of Cicero (Cicero) and Cicero police officers, including John Doe(s), Waldemar A. Cruz, Louis G. Mazza and Jerry A. Simek, for negligence in failing to rescue the victims of a residential fire.  Defendants argued, and the trial court agreed, that the complaints must be dismissed because defendants were immune from liability under the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1-101 
et seq.
 (West 2000)).  We affirm.

On September 15, 1997, an arson fire at Poull's home, 2322 S. 61th Avenue, Cicero, resulted in the deaths Poull's five children Kevin, Charissa, Shawn and William Poull and Stephanie Martin.  The Fenders and their daughter Matty, who apparently were visiting the Poull home at the time of the fire, suffered injuries from exposure to flames and smoke.  The first emergency personnel at the scene were Cicero police officers, including Cruz, Mazza and Simek.

.   The Fenders and Poull filed complaints against the Town of Cicero and the individual police officers, alleging negligence for the failure of the officers to attempt a rescue when they knew victims were trapped inside the building.  Plaintiffs argued that although Cicero had trained and equipped the police officers to respond to fire emergencies as "public safety officers," the officers did not attempt a rescue.  In contending that Cicero held out its police officers to the public as being prepared for fire emergencies, plaintiffs relied on language in a Cicero town handbook, which is not of record.  Plaintiffs asserted that Cicero led its citizens to believe that it had instituted a program of extended emergency training for police officers and firemen, and once having voluntarily undertaken such a program, the town should have ensured that the officers would attempt a rescue.

In general, municipalities are liable in tort to the same extent as private parties unless an immunity provision applies under the Act (745 ILCS 10/1-101 
et seq.
 (West 2000)).  
Van Meter v. Darien Park District
, 207 Ill. 2d 359, 368-69, 799 N.E.2d 273 (2003).  The Act "governs whether and in what situations local governmental units are immune from civil liability."  
Harrison v. Hardin County Community Unit School District No. 1
, 197 Ill. 2d 466, 471, 758 N.E.2d 848 (2001).  The rationale for immunity is that public officials, when acting within their official discretion, should be allowed to exercise their judgment without fear that a mistake made in good faith might subject them to lawsuit.   
Harrison
, 197 Ill. 2d at 472.  

The sections of the Act that are relevant to the plaintiffs' claims are:

"§2-109.  A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."  745 ILCS 10/2-109 (West 2000).

"§2-201.  Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."  745 ILCS 10/2-201 (West 2000). 

"§4-102.  Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals."  745 ILCS 10/4-102 (West 2000).

"§5-101.  Neither a local public entity nor a public employee is liable for failure to establish a fire department or otherwise to provide fire protection, rescue or other emergency service."  745 ILCS 10/5-101 (West 2000).

"§5-102.  Neither a local public entity that has undertaken to provide fire protection service nor any of its employees is liable for an injury resulting from the failure to suppress or contain a fire or from the failure to provide or maintain sufficient personnel, equipment or other fire protection facilities."  745 ILCS 10/5-102 (West 2000). 

"§5-103.  (a) Neither a local public entity, nor a public employee acting in the scope of his employment, is liable for an injury resulting from the condition of fire protection or firefighting equipment or facilities.  ***

(b) Neither a local public entity nor a public employee acting in the scope of his employment, is liable for an injury caused by an act or omission of a public employee while engaged in fighting a fire.  However, this Section shall not apply if the injury is caused by the willful and wanton conduct of the public employee."  745 ILCS 10/5-103(a), (b) (West 2000). 
 

Section 1-210 of the Act defines "willful and wanton conduct" as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property."  745 ILCS 10/1-210 (West 2000).  This definition applies "in any case where a 'willful and wanton' exception is incorporated into any immunity under this Act."  745 ILCS 10/1-210 (West 2000).  

"§8-101.  No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."  745 ILCS 10/8-101 (West 2000).

We first discuss the Fender case.  The Fenders filed a third amended complaint (No. 97 L 15298) on September 16, 1998, naming as defendants Cicero and its police and fire commissioners, the acting police chief, fire marshal, president, building commissioner and 911 coordinator.  The suit also named Cicero police officers as defendants, identifying them only as John Doe(s).  The Fenders dismissed the matter voluntarily on May 30, 2000, and refiled on May 30, 2001 (No. 01 L 6405).  The refiled complaint still named as defendants Cicero and unnamed police officers identified as John Doe(s), but added the names of Officers Cruz, Mazza and Simek.  The Fenders alleged that defendants: (1) were negligent in breaching a voluntarily undertaken duty to perform rescue services by failing to conduct a search after being told that victims were inside the burning building; (2) were not immune from liability because their conduct was willful and wanton; and (3) caused the Fenders to suffer severe and permanent injuries and pecuniary losses. 

Defendants filed a motion to dismiss the Fenders' complaint under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2000)), arguing: (1) the claims against the individual police officers were barred by the one-year statute of limitation in section 8-101 of the Act (745 ILCS 10/8-101 (West 2000)); (2) defendants were immune from liability for failing to prevent the crimes that led to the fire under section 4-102 of the Act (745 ILCS 10/4-102 (West 2000)); (3) the individual officers were immune from liability for their discretionary acts under section 2-201 of the Act (745 ILCS 10/2-201 (West 2000));  (4) Cicero was not liable under section 2-109 of the Act (745 ILCS 10/2-109 (West 2000)); and (5) plaintiffs failed to state a cause of action under the willful and wanton conduct exception to local government immunity under section 5-103(b) of the Act (745 ILCS 10/5-103(b)(West 2000)).

The trial court apparently granted the defendants' motion to dismiss the Fenders' complaint in a written order in March 2002, but the Fenders have not provided us with the order by submitting an appendix to their brief.  Nor is a copy of the order in the one-volume record on appeal.  Other documents of record support the conclusion that the cause was dismissed under sections 2-619 and 2-615 of the Code (735 ILCS 5/2-619, 2-615 (West 2000)).  The Fenders filed their notice of appeal on April 3, 2002. 

We now turn to the procedural history of the Poull lawsuit.  Poull filed a second amended complaint (No. 97 L 11475) on September 16, 1998, naming as defendants Cicero and its police and fire commissioners, its acting police chief, fire marshal, president, building commissioner, 911 coordinator and John Doe(s), police officer(s).  Poull voluntarily dismissed the complaint on May 30, 2000, and refiled on May 30, 2001 (No. 01 L 6402), naming as defendants Cicero and police officers John Doe(s), Cruz, Mazza and Simek.  

Cicero filed a motion to dismiss Poull's complaint under section 2-619(a)(5) of the Code.  735 ILCS 5/2-619 (West 2000) (involuntary dismissal based on certain defects or defenses, such as, 
the action was not commenced within the time limited by law).  The trial court granted the motion in part, finding that the claims against Cruz, Mazza and Simek were barred under the limitation in 
section 8-101 of the Act.  745 ILCS 10/8-101 (West 2000) (an action for an injury against the employees of a local entity must be commenced within one year of the date of injury).  The court was unpersuaded by Poull's argument that she complied with the one-year limitation by naming John Doe(s) in her 1998 filing, and held that "John Doe" designations were insufficient identification of Officers Cruz, Mazza and Simek under 
Bogseth v. Emanuel
, 166 Ill. 2d 507, 513-15, 655 N.E.2d 888 (1995) (Illinois does not provide for suits against fictitious parties).  The trial court granted leave to Poull to amend her complaint to name Cicero as the sole defendant.  Poull filed her first amended complaint (No. 01 L 6402) on June 24, 2002, naming Cicero as defendant.  

Poull alleged that Cicero was liable because it: (1) negligently failed to properly equip and train its public safety officers to perform fire search and rescue; (2) engaged in willful and wanton conduct under the Wrongful Death Act (740 ILCS 180/0.01 
et seq.
 (West 2000)); and (3) caused plaintiff to suffer personal, pecuniary and permanent injuries under the Survival Act (755 ILCS 5/27-6 
et seq
. (West 2000)).

The trial court, in a written order entered on October 25, 2002, granted defendant's motion to dismiss Poull's complaint under section 2-619 of the Code (735 ILCS 5/2-619 (West 2000)). The court concluded that Cicero was immune under sections 4-102, 5-101 and 5-102 of the Act (745 ILCS 10/4-102, 5-101, 5-102 (West 2000)), and that Poull failed to allege sufficient facts to show willful and wanton misconduct as required to defeat immunity under section 5-103(b) of the Act (745 ILCS 10/5-103(b) (West 2000)).  Poull appealed.

The Fender and Poull cases have been consolidated on appeal and were briefed in tandem.

Defendants initially urge us to dismiss this appeal because the plaintiffs failed to comply with the minimum requirements for briefing appeals by omitting an appendix to the record (134 Ill. 2d R. 342(a)), and failed to cite relevant authority for their claims (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001)). 

A party's failure to comply with Supreme Court Rules 341 and 342 justifies dismissal of an appeal.  
Collier v. Avis Rent A Car System, Inc.
, 248 Ill. App. 3d 1088, 1095, 618 N.E.2d 771 (1993).  As noted, the Fenders failed to include the order from which the appeal is taken.  See 
Piecuch v. Cook County Sheriff's Merit Board
, 312 Ill. App. 3d 78, 83, 726 N.E.2d 22 (2000).  But dismissal for these violations is not mandatory, although the deficiencies in briefing this case are glaring.  We will consider the appeals because of the gravity of the allegations and the straightforward issues of law that govern our disposition.  See 
Marzano v. Department of Employment Security
, 339 Ill. App. 3d 858, 861, 791 N.E.2d 1250 (2003).  But we again caution members of the appellate bar: our supreme court rules governing appellate practice are not suggestions.  
Bright v. Dicke
, 166 Ill. 2d 204, 210, 652 N.E.2d 275 (1995).  A lawyer who ignores them casts doubt on his skills and casts a shadow over the merits of his client's case. 

Defendants first argue that the Fender claims against individual officers are barred by the one-year statute of limitation mandated in section 8-101 of the Act (745 ILCS 10/8-101 (West 2000)).  As noted, this was the conclusion reached by the trial court in the Poull case.  The Fenders concede they were injured on September 15, 1997, and a timely complaint against the individual officers should have been filed by September 15, 1998.  The Fenders' original complaint (97 L 15298) was filed on September 16, 1998, but it named John Doe(s), not the individual officers, as defendants.  After the original complaint was dismissed on May 30, 2000, the Fenders refiled on May 30, 2001 (No. 01 L 6405), naming Cruz, Mazza and Simek as defendants for the first time.  By then, the one-year limitation period in section 8-101 had expired.  We find that the Fender suit against Cruz, Mazza and Simek was barred by the one-year statute of limitation (745 ILCS 10/8-101 (West 2000)).

We now turn to the question of plaintiffs' claims against Cicero.  Our standard of review is 
de novo
 in considering dismissals under section 2-615 or 2-619 of the Code (
Canel v. Topinka
, 342 Ill. App. 3d 65, 69, 793 N.E.2d 845 (2003)) and in reviewing questions of statutory interpretation (
Hager v. II In One Contractors, Inc.
, 342 Ill. App. 3d 1082, 1086, 797 N.E.2d 167 (2003)). 

A case may be dismissed under section 2-619 where an affirmative matter avoids the legal effect of or defeats the claim. 735 ILCS 5/2-619(a)(9) (West 2000); 
Chandler v. Illinois Central  R.R. Co.
, 207 Ill. 2d 331, 340, 798 N.E.2d 724 (2003).  "Immunity from a suit under the [Act] is an 'affirmative matter' properly raised under section 2-619."  
Van Meter
, 207 Ill. 2d at 377.   

Plaintiffs first argue that section 4-102 of the Act (745 ILCS 10/4-102 (West 2000)) does not immunize the police officers who were rendering fire protection services here because that section grants immunity specifically for police services.  Defendants argue that section 4-102 grants immunity to police officers not only when they are combating crime but also when they perform search and rescue functions, citing 
Platacis v. Village of Streamwood
, 224 Ill. App. 3d 336, 340-41, 586 N.E.2d 564 (1991) (a police officer was immune under section 4-102 in a negligence action arising from a missing-person search).  

Defendants rely on 
Kavanaugh v. Midwest Club, Inc.
, 164 Ill. App. 3d 213, 617 N.E.2d 656 (1987), where the facts and issues were similar to those presented here.  There, the plaintiff sued the Village of Oak Brook after her husband died when the car he was driving crashed into a roadside retention pond.  
Kavanaugh
, 164 Ill. App. 3d at 216.  The Oak Brook police department was notified of the accident and dispatched several officers, none of whom had underwater rescue equipment.  The Oak Book officers tried unsuccessfully to rescue the victim.  The plaintiff claimed that because Oak Brook voluntarily undertook a rescue of the victim, it assumed a duty to perform without negligence.  The plaintiff also alleged that Oak Brook was negligent in dispatching personnel without water rescue training and equipment.  
Kavanaugh
, 164 Ill. App. 3d at 216-17.  The court in 
Kavanaugh
 found that Oak Brook could not be held liable:

 "[W]e believe the clause in section 4-102 granting immunity 'for failure to provide adequate police protection or service' includes the services alleged to have been undertaken by the Oak Brook police officers.  While the case law in Illinois has generally examined the immunity granted in section 4-102 in the context of the traditional police role of law enforcement, police protection, and apprehension of criminals, we conclude that the phrase 'adequate police protection 
or service
' (emphasis added) in section 4-102 includes the police function of responding to a call of a traffic matter ***.  Police service, in this context, may also include police aid, assistance, or rescue.  Because these functions are commonly recognized as an important part of police services, we believe that the legislature intended to grant immunity for this type of service as well as for police protection."  
Kavanaugh
, 164 Ill. App. 3d at 221. 

The conclusion reached in 
Kavanaugh
 applies here.  The immunity granted under section 4-102 covered the Cicero police officers serving as public safety officers at the scene of a fire, as it covered the officers responding to an accident in 
Kavanaugh
.  I
t is not reasonable to believe that the legislature intended to deny immunity to police officers who were working at the scene of a tragic fire while conferring immunity on officers apprehending criminals.  Under sections 4-201 (745 ILCS 10/4-201 (West 2000)) and 2-109 (745 ILCS 10/2-109 (West 2000)) of the Act, neither the public entity of Cicero nor the town's police officers at the scene can be held liable for failure to attempt a rescue. 

Alternatively, plaintiffs argue that even if Cicero had general immunity from liability for fire protection services under sections 5-101 and 5-102 of the Act (745 ILCS 10/5-101, 5-102 (West 2000)), liability should attach under the exception in section 5-103(b) of the Act (745 ILCS 10/5-103(b)(West 2000)), 
i.e.
, the officers engaged in "willful and wanton conduct."  Plaintiffs contend that their complaints should not have been dismissed, but rather a trier of fact should have determined if the officers were "willful and wanton" in failing to mount a rescue after being told that victims were trapped in the burning building.

Defendants assert that Cicero was immune from liability whether or not there was willful and wanton conduct because: (1) discretionary acts are immunized in section 2-201 of the Act (745 ILCS 10/2-201 (West 2000)) even if public employees are found to have abused their discretion and (2) sections 5-101 and 5-102 of the Act (745 ILCS 10/5-101, 5-102 (West 2000)) provide "blanket immunities" not subject to the exception for willful and wanton conduct.  See 
Jackson v. Chicago Fire Fighter's Union Local No. 2
, 160 Ill. App. 3d 975, 980, 513 N.E.2d 1002 (1987) ("blanket immunity" under Article V of the Act (fire protection services) is necessary to protect municipalities from "limitless liability").  

Defendants rely on 
Crowley v. City of Berwyn
, 306 Ill. App. 3d 496, 713 N.E.2d 1194 (1999), for its holding that section 2-201 provides immunity to public employees even when the employees have abused their discretion.  In 
Crowley
, the plaintiff alleged that the actions of the City of Berwyn were willful and wanton based on the city's unreasonable delay in rescuing the plaintiff who suffered burns in an apartment building fire.  
Crowley
, 306 Ill. App. 3d at 504.  The court disagreed, concluding, "[e]ven willful and wanton conduct cannot deprive a municipality of immunity granted by the Act. [Citation.]  Discretionary acts such as those of the firefighters in this case are subject to immunity under section 2-201 of the Act."  
Crowley
, 306 Ill. App. 3d at 504.

Here, it was unnecessary for a trier of fact to determine whether the police officers' actions were willful and wanton because even if the acts were found to be willful and wanton, immunity would still apply under section 2-201 of the Act (745 ILCS 10/2-201 (West 2000)).

Our supreme court recently addressed immunity under section 2-201 in its plurality opinion in 
Van Meter
.  The court reiterated its position that immunity applies where a municipal defendant establishes that a situation involved both "the making of a policy choice and the exercise of discretion."  
Van Meter
, 207 Ill. 2d at 379.  Policy decisions are those "requiring a governmental entity to balance competing interests and to make a judgment call as to what solution will best serve those interests."  
Van Meter
, 207 Ill. 2d at 379.  Discretionary actions are those that are unique to a particular public office.  
Van Meter
, 207 Ill. 2d at 380.      

Here, the officers had to make a policy decision in balancing the competing interests of their own safety and their chances of success with the interests of the victims and survivors.  The officers' actions were discretionary because performing an emergency rescue in this situation was unique to the public office of police/public safety officer.  Having determined that even "willful and wanton" conduct could not extinguish the officers' immunity, we find that plaintiffs' complaints were barred by the affirmative matter of municipal immunity and properly dismissed under section 2-619 (735 ILCS 5/2-619 (West 2000)).  The judgment of the circuit court is affirmed.

    Affirmed.

WOLFSON, P.J., and GARCIA, J., concur.