# Illinois Official Reports

## Appellate Court

*Forest Preserve District v. Illinois Fraternal Order of Police Labor Council*,
2017 IL App (1st) 161499

| | |
|---|---|
| Appellate Court Caption | THE FOREST PRESERVE DISTRICT OF COOK COUNTY, ILLINOIS, Plaintiff-Appellee, v. ILLINOIS FRATERNAL ORDER OF POLICE LABOR COUNCIL, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-16-1499 |
| Filed | February 7, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-12836; the Hon. Kathleen M. Pantle, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Kimkeá L. Harris, of Illinois FOP Labor Council, of Western Springs, for appellant.<br><br>Hubert O. Thompson, of Brothers & Thompson, P.C., of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.<br>Justices Pierce and Mason concurred in the judgment and opinion. |

**OPINION**

¶ 1    The Illinois Fraternal Order of Police Labor Council (Union) appeals an order of the circuit court of Cook County vacating an arbitrator's award that involved salary increases for newly promoted sergeants of the Forest Preserve District of Cook County (District). The parties' collective bargaining agreement (CBA) was silent on the issue; the sole governing authority, the Cook County Personnel Rules (Personnel Rules) (Cook County Personnel Rules (rev. Jan. 24, 2007)), provided the method for determining the sergeants' salaries after promotions. The circuit court found that the arbitrator failed to properly apply the county Personnel Rules and instead, as to almost all employees, erroneously based the salary decision on the employee's length of service with the District. The circuit court found that because the arbitrator's award did not "draw its essence" from the CBA and there was no "interpretive route" to the arbitrator's award, the award must be vacated. We agree in all respects and affirm.

¶ 2                                   BACKGROUND

¶ 3    The Union represents a bargaining unit of sergeants employed by the District. The Union filed two grievances regarding the placement of newly promoted patrol officers on the sergeant's salary schedule. The Union argued that newly promoted sergeants should be placed on the sergeant's salary schedule based on their years of service with the District. The District maintained the Personnel Rules governed. Those rules provide that a newly promoted sergeant's salary is comparable to a two step increase on the patrol officer's salary schedule, regardless of his or her tenure with the District.

¶ 4    The CBA between the parties applicable to these grievances did not include a provision addressing the placement of newly promoted sergeants on the salary schedule. But, the CBA's "District Rights" section states:

> "The [Union] recognizes that the District has the full authority and responsibility for directing its operations and determining policy. The District reserves unto itself all powers, rights, authority, duties and responsibilities conferred upon it and vested in it by the Statutes of Illinois, and to adopt and apply all rules, regulations and policies as it may deem necessary to carry out its statutory responsibilities; provided, however, that the District shall abide by and be limited only by the specific and express terms of this Agreement, to the extent permitted by law. *** The powers and authority which the District has not specifically abridged, delegated or modified by this Agreement are retained by the District."

¶ 5    Under the Cook County Forest Preserve District Act, the District must follow the Personnel Rules. 70 ILCS 810/17 (West 2014).[1] Rule 2.07 of the Personnel Rules provides that "An employee who is promoted to a job in a higher salary grade shall be entitled to placement in the step of the new salary grade which will provide a salary increase at least two steps above the salary received at the time the promotion is made." Cook County Personnel

---

[1]"Application of human resource ordinance. Whenever the county in which any such forest preserve district is located shall be governed by any county human resource ordinance, all employees of such forest preserve district shall be selected in accordance with the human resource ordinance in such county and all such employees shall be subject at all times to the provisions of such ordinance." 70 ILCS 810/17 (West 2014).

Rule 2.07 (rev. Jan. 24, 2007). Rule 2.07 also states that "the effective date [of the promotion] will [constitute] a new anniversary date" (*id.*), and rule 2.04 requires employees "to work for a minimum of one year at each [salary] step" (Cook County Personnel Rule 2.04(a) (rev. Jan. 24, 2007)).

¶ 6    After the hearing, the arbitrator became ill and withdrew. The replacement, James R. Cox, reviewed the transcript, exhibits, and briefs and issued the award.

¶ 7    At the hearing, a human resources analyst testified that in administering rule 2.07 and determining the salary grade for newly promoted sergeants human resources personnel would find the employee's salary grade on his or her current salary schedule, then move over two steps higher before matching the salary on the promoted salary schedule. An attorney for the District explained the process for an officer who had been with the District for 10 years at the time of promotion to sergeant. The officers' grade levels are referred to as "steps." In 2012, a 10-year patrol officer was at the seventh step and earning $27.018 per hour. When a 10-year patrol officer was promoted to sergeant, the human resource department calculated the new salary by moving over two steps on the patrol officer's scale, which provided for an hourly salary of $29.206 per hour. Then that salary would be matched to the next highest salary on the sergeant schedule, which at that time, was $29.791 per hour and was the sixth step on the sergeant schedule. Thus, although the employee was promoted and received a salary increase, his or her position on the grading scale went from 7 on the patrol officer scale to 6 on the sergeant scale.

¶ 8    Arbitrator Cox's decision and award sustained the Union's grievances. Arbitrator Cox acknowledged that the CBA "does not contain any reference to or application for placement of Employees on Salary Schedules after a promotion" and that the "Cook County Personnel Rules constitute the sole governing authority with respect to proper placement of promoted Patrol Officers on the Sergeant's Salary Schedule as well as their Step placement after each successive work anniversary." But, Arbitrator Cox found that rule 2.07 sets forth a "minimum increase," because it states that the new salary grade will provide a salary "*at least two Steps above the salary received at the time the promotion was made.*" (Emphasis in original.)

¶ 9    Arbitrator Cox also found that historically, with a few exceptions, the District based salary schedules on total longevity with the District, not on longevity as a sergeant. Thus, Arbitrator Cox concluded that in most cases, the District improperly applied rule 2.07 and ordered that the sergeants be placed on the schedule based on their longevity with the District. One exception was Sergeant Amanda Kennedy. Arbitrator Cox found that the District had properly followed rule 2.07 by placing Kennedy on the salary schedule two steps above her then current patrol officer salary. (It appears rule 2.07 was applied to at least one other newly promoted sergeant, and Arbitrator Cox noted there was no contention he "was not properly placed in the correct Step.")

¶ 10    The District filed a complaint to vacate the arbitrator's award, arguing that (i) the award does not "draw its essence" from the CBA but instead was based on his personal view that longevity with the District should be the deciding factor, and (ii) there is no possible interpretive route to the arbitrator's award due to the disparate treatment of members of the bargaining unit.

¶ 11    The circuit court vacated the arbitrator's award, finding that Arbitrator Cox acted outside his authority in two ways. First, that Arbitrator Cox acted arbitrarily when he found that the District's two-step increase under rule 2.07 violated the CBA and was not in accordance with

historical practice but then upheld the practice when applied to Sergeant Kennedy. The court observed that Arbitrator Cox offered no explanation "why Sergeant Kennedy, a woman, should be treated differently from similarly situated male sergeants."

¶ 12 Secondly, the court found that "the arbitrator's award did not draw its essence from the collective bargaining agreement." The court noted that the arbitrator acknowledged that the Personnel Rules were the sole governing authority but instead, with few exceptions, relied on a "supposed historical practice" to place sergeants on salary steps based on their longevity with the District. The circuit court agreed with Arbitrator Cox's finding that the two-step increase is a floor rather than a ceiling but held that this "does not justify his finding that the District's adherence with the minimum is a violation." Further, the court noted that Arbitrator Cox provided no examples of "this historical practice, or any reason why it should supersede the County rules."

¶ 13 In its ruling vacating the award, the circuit court acknowledged its limited ability to reject an arbitrator's award but found "the award does not draw its essence from the parties' agreement." Moreover, "[t]here is no interpretive route to the arbitrator's award, as evidenced by the fact that the arbitrator took two similar sets of facts *** and achieved opposite results. Achieving different results from similar facts is direct evidence that the arbitrator is acting without an interpretive route and is not being guided by the controlling authority."

¶ 14 The Union appeals and asks that we either reverse the trial court and uphold the arbitrator's award or remand to the arbitrator for a new hearing and award.

¶ 15 ANALYSIS

¶ 16 As an initial matter, Illinois Supreme Court Rule 342(a) requires an appellant's brief include "as an appendix, *** a complete table of contents, with page references, of the record on appeal." Ill. S. Ct. R. 342(a) (eff. Jan. 1, 2005). The appellant's table of contents does not comply with Illinois Supreme Court Rule 342(a) (eff. Jan. 1, 2005); it consists of a one-page table of contents referring to the pages of the separate appendix.

¶ 17 We remind counsel, when unsure about how to prepare a formal brief, better to seek clarification than forgiveness. When a brief fails to follow the requirements set forth in Supreme Court Rule 342(a), we may dismiss the appeal. *Fender v. Town of Cicero*, 347 Ill. App. 3d 46, 51 (2004). But, because the argument section of the Union's brief provides references to the volume and pages of the record on appeal, as required by Illinois Supreme Court Rule 341(h)(7) (eff. July 1, 2008), we choose to exercise our discretion and address the issues on their merit.

¶ 18 Does the Award Draw Its Essence from the CBA?

¶ 19 Judicial review of an arbitrator's award is " 'extremely limited.' " *Griggsville-Perry Community Unit School District No. 4 v. Illinois Educational Labor Relations Board*, 2013 IL 113721, ¶ 18 (quoting *American Federation of State, County & Municipal Employees v. State*, 124 Ill. 2d 246, 254 (1988)). Under this limited review, we must "enforce a labor-arbitration award if the arbitrator acts within the scope of his or her authority and the award draws its essence from the parties' collective-bargaining agreement." *American Federation of State, County & Municipal Employees v. Department of Central Management Services*, 173 Ill. 2d 299, 304-05 (1996) (*AFSCME v. CMS*). This standard gives deference to the parties' decision

to have disputes settled by an arbitrator rather than a judge. It also reflects the legislature's intent in enacting the Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 2014)) to provide finality for labor disputes submitted to arbitration. See *State v. American Federation of State, County & Municipal Employees, Council 31*, 2016 IL 118422, ¶ 28 (*State v. AFSCME*) (quoting *AFSCME v. CMS*, 173 Ill. 2d at 304). Whether an arbitrator's decision fails to draw its essence from the CBA presents a question of law, which is subject to *de novo* review. *Id.*

¶ 20    An arbitration award draws its essence from the collective bargaining agreement when the arbitrator, in making a decision, limits himself or herself to interpreting and applying the agreement. See *Griggsville*, 2013 IL 113721, ¶ 19; *Amalgamated Transit Union, Local 241 v. Chicago Transit Authority*, 342 Ill. App. 3d 176, 180 (2003). An arbitrator may not change or alter the terms of the collective bargaining agreement (*Water Pipe Extension, Bureau of Engineering Laborers' Local 1092 v. City of Chicago*, 318 Ill. App. 3d 628, 634 (2000)); nor dispense his or her " ' "own brand of industrial justice" ' " (*Griggsville*, 2013 IL 113721, ¶ 19 (quoting *American Federation of State, County & Municipal Employees v. State*, 124 Ill. 2d 246, 254-55 (1988), quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960))). Although an arbitrator may look to many sources for guidance, should the award be based on a body of thought, feeling, policy, or law outside of the collective bargaining agreement, it will be set aside as not rationally derived from the essence of the agreement. See *id.*; *Amalgamated*, 342 Ill. App. 3d at 180.

¶ 21    The arbitrator, not the court, determines the meaning of the collective bargaining agreement as that is what was the parties bargained for. *AFSCME v. CMS*, 173 Ill. 2d at 305. A court inquires into the merits of the arbitrator's interpretation of the agreement only as necessary to ascertain if the award drew its essence from the parties' agreement so as to prevent a manifest disregard of that agreement. See *Board of Trustees of Community College District No. 508 v. Cook County College Teachers Union, Local 1600*, 74 Ill. 2d 412, 421 (1979); *Griggsville*, 2013 IL 113721, ¶ 18 (stating that when parties have contracted to have their disputes settled by arbitrator, rather than a judge, parties have agreed to accept arbitrator's view of facts and interpretation of contract, and court has no business weighing merits of grievance). A court presumes the validity of the arbitrator's award (*Amalgamated*, 342 Ill. App. 3d at 179) and, whenever possible, construes it in a way that upholds its enforceability. *Board of Education v. Chicago Teachers Union, Local No. 1*, 86 Ill. 2d 469, 477 (1981). Indeed, to overturn the award, "[i]t must be shown that there is no 'interpretive route to the award, so a noncontractual basis can be inferred and the award set aside. [Citations.] The zanier the award, the less plausible it becomes to ascribe it to a mere error in interpretation rather than to a willful disregard of the contract.' " *Griggsville*, 2013 IL 113721, ¶ 20 (quoting *Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc.*, 935 F.2d 1501, 1506 (7th Cir. 1991)).

¶ 22    Establishing that an arbitrator has failed to interpret the collective bargaining agreement and has, instead, imposed his or her own personal view of right and wrong on the labor dispute presents a huge challenge. *Id.* Nevertheless, we agree with the circuit court that the District has cleared this hurdle.

¶ 23    The Union argues that although the Personnel Rules prescribe the method of placing newly promoted sergeants on the salary schedule, the CBA provides the guidelines for their placement. Both the evidence and award refute this argument. The parties agree that the CBA says nothing on the point. The CBA's only relevant guidance on this issue appears in section

3.1, which, as noted, provides that "the District reserved unto itself all powers, rights, authority, duties and responsibilities conferred upon it *** to adopt and apply all rules, regulations and policies as it may deem necessary to carry out its statutory responsibilities." The Personnel Rules constitute "rules, regulations and policies" that the District could apply in the absence of express terms in the CBA to the contrary. And, as Arbitrator Cox acknowledged, rule 2.07 comprises "the sole governing authority with respect to proper placement of promoted Patrol Officers on the Sergeant's Salary Schedule as well as their Step placement after each successive work anniversary." Yet, in most instances, Arbitrator Cox opted to deviate from rule 2.07 in placing sergeants on the salary scale.

¶ 24    Arbitrator Cox's rationale for deviating from the Personnel Rules was the District's "long established practice" of paying newly promoted sergeants based on their years of service. But, as the circuit court noted, Arbitrator Cox provides no examples of this historical practice. Neither does the Union. Moreover, even if the Union could provide evidence of the District's practice of deviating from the Personnel Rules, a long-standing policy *outside* of the CBA does not draw its essence *from* the CBA. See *Griggsville*, 2013 IL 113721, ¶ 19; *Amalgamated*, 342 Ill. App. 3d at 180. Thus, the circuit court correctly vacated the award.

¶ 25                      An Interpretive Route to the Arbitrator's Award

¶ 26    The circuit court concluded that there is no interpretive route to the arbitrator's award because Arbitrator Cox took identical sets of facts and, regarding Sergeant Kennedy, reached an opposite result. The Union acknowledges this inconsistency involving Sergeant Kennedy but asserts that the remainder of Arbitrator Cox's analysis is consistent. From here the Union suggests, for the first time, that we remand to Arbitrator Cox so he can hold a new hearing and issue an unambiguous award. With limited exceptions not applicable in this case, issues raised for the first time on appeal are waived or forfeited. *Moore v. Board of Education of the City of Chicago*, 2016 IL App (1st) 133148, ¶ 35. Due to the Union's failure to raise this argument before the circuit court, we will not consider it.

¶ 27    Affirmed.