AMANDA ADAMS, by Her Father and Next Friend, Tommy Adams, *et al.*, Plaintiffs-Appellees, v. HARRAH'S MARYLAND HEIGHTS CORPORATION, Defendant-Appellant.

Fifth District   No. 5—02—0123

Opinion filed May 1, 2003.

Thomas L. Orris, C. Wayne Davis, and Lucy T. Herbers, all of Williams, Venker & Sanders, L.L.C., of St. Louis, Missouri, for appellant.

Michael J. Brunton, of Law Office of Michael J. Brunton, of Collinsville, for appellees.

JUSTICE MAAG delivered the opinion of the court:

The plaintiffs, Amanda and Brittany Adams, by their father and next friend, Tommy Adams, and Tommy Adams, individually, filed this cause of action against the defendant, Harrah's Casino of Maryland Heights, Missouri, to recover damages for alleged personal injuries to the minor plaintiffs, Amanda and Brittany, arising out of an incident on the defendant's premises. The defendant filed a special and limited entry of appearance claiming that the circuit court lacked personal jurisdiction over it. On February 4, 2002, the circuit court denied the defendant's motion and the defendant's motion for reconsideration,

and the court certified the following questions for interlocutory review pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)): Can the circuit court properly exercise personal jurisdiction in a tort action over the defendant under the Illinois long-arm statute (735 ILCS 5/2—209 (West 1998)), and if so, can such exercise of personal jurisdiction satisfy the requirements for due process? We answer yes to the certified questions and remand this case for further proceedings.

■ Subsequent to the February 4, 2002, order, the circuit court entered an *ex parte* amended order on February 15, 2002, that was never agreed to by the plaintiffs' counsel and included more facts than the original certified questions. For these reasons, we will only consider the original certified questions and the facts contained within the record on appeal. We note parenthetically that the additional facts in the amended certified questions would have made no difference because those facts are contained within the record on appeal.

■ Generally, an appeal under Rule 308 is limited to the question that is identified by the circuit court. *Johnson v. State Farm Mutual Automobile Insurance Co.*, 323 Ill. App. 3d 376, 379, 752 N.E.2d 449, 452 (2001). When the circuit court has not heard testimony, the standard of review for a permissive interlocutory appeal of a certified question is *de novo* (*El-Amin v. Dempsey*, 329 Ill. App. 3d 800, 802, 768 N.E.2d 344, 346 (2002)). See *Gaidar v. Tippecanoe Distribution Service, Inc.*, 299 Ill. App. 3d 1034, 1039-40, 702 N.E.2d 316, 319 (1998).

■ Initially, the plaintiff carries the burden of establishing a *prima facie* basis upon which jurisdiction over nonresidents can be exercised. *International Business Machines Corp. v. Martin Property & Casualty Insurance Agency, Inc.*, 281 Ill. App. 3d 854, 857-58, 666 N.E.2d 866, 868 (1996). Once the plaintiff demonstrates the requisite minimum contacts to establish personal jurisdiction, the defendant bears the burden of showing why the assertion of jurisdiction over the defendant would be unreasonable. *Worldtronics International, Inc. v. Ever Splendor Enterprise Co.*, 969 F. Supp. 1136, 1142 (N.D. Ill. 1997).

■ The Illinois long-arm statute allows Illinois courts to exercise personal jurisdiction over nonresident defendants. 735 ILCS 5/2—209(a), (b), (c) (West 1998). Although, at one time, subsection (a) of the long-arm statute listed the only acts that could form the basis for personal jurisdiction, subsection (c) was added in a 1989 amendment and is a catchall provision. Subsection (c) states as follows: "(c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2—209(c) (West 1998). Illinois courts have treated section 2—209(c) as an independent basis for asserting *in*

*personam* jurisdiction over a defendant. *Flint v. Court Appointed Special Advocates of Du Page County, Inc.*, 285 Ill. App. 3d 152, 165, 674 N.E.2d 831, 841 (1996); *Allerion, Inc. v. Nueva Icacos, S.A. de C.V.*, 283 Ill. App. 3d 40, 47, 669 N.E.2d 1158, 1163 (1996). Thus, an Illinois court may exercise personal jurisdiction over a nonresident defendant as long as the exercise of such jurisdiction offends neither federal nor state guarantees of due process. 735 ILCS 5/2—209(c) (West 1998).

■ Federal due process requires that, in order for a court to exercise *in personam* jurisdiction over a nonresident defendant, it is necessary that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit there does not offend " 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343 (1940). Those minimum contacts must have a basis in " 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109, 94 L. Ed. 2d 92, 102, 107 S. Ct. 1026, 1030 (1987), quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 542, 105 S. Ct. 2174, 2183 (1985). This requirement ensures that an alien defendant will not be forced to litigate in a distant or inconvenient forum solely as a result of random, fortuitous, or attenuated contacts or the unilateral act of a consumer or some other third person. *Burger King Corp.*, 471 U.S. at 475, 85 L. Ed. 2d at 542, 105 S. Ct. at 2183. A court conducting a federal due process analysis must consider whether (1) the nonresident defendant had minimum contacts with the forum state such that there was fair warning that the nonresident defendant may be hailed into a forum court, (2) the action arose out of or related to the defendant's contacts with the forum state, and (3) it is reasonable to require the defendant to litigate in the forum state. *Burger King Corp.*, 471 U.S. at 471-77, 85 L. Ed. 2d at 540-44, 105 S. Ct. at 2181-84.

■ The minimum-contacts and fair-warning requirements are satisfied if the defendant has purposefully directed its activities at Illinois residents, reached out beyond one state to create continuing relationships with citizens of another state, or purposefully derived benefits from its activities within the forum state. *Burger King Corp.*, 471 U.S. at 471-74, 85 L. Ed. 2d at 540-41, 105 S. Ct. at 2181-83.

In the instant case, the plaintiffs showed that the defendant maintains a significant customer base from Illinois. In fact, 63,596 of the defendant's gold card holders are from Illinois. This is ap-

proximately one-third of all of the defendant's gold card holders. Additionally, the defendant has directed advertisements, flyers, brochures, and coupons to Illinois residents. The record also shows that the defendant actively advertises in magazines, newspapers, television, radio, and the yellow pages where Illinois residents will be lured by those advertisements. Finally, the defendant advertises a free shuttle service from the Alton, Illinois, area. The free shuttle service requires no reservations, but seating is limited. Hence, there is no question that the defendant purposefully directed its activities toward Illinois residents and has reached out to create continuing relationships with those residents. Because the defendant has directed its activities toward the Illinois marketplace and has derived an economic benefit as a result of those activities, the minimum-contacts and fair-warning requirements are satisfied.

■ The meaning of the minimum-contacts standard depends upon whether the forum asserts specific jurisdiction or general jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 80 L. Ed. 2d 404, 411 n.8, 104 S. Ct. 1868, 1872 n.8 (1984). General jurisdiction refers to suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 416, 80 L. Ed. 2d at 412, 104 S. Ct. at 1873.

■ The case at bar does not arise directly out of the defendant's contacts with Illinois. We conclude, however, that the defendant has maintained continuous and systematic business contacts with Illinois that support the assertion of general jurisdiction over it. Therefore, the defendant's contacts with Illinois cannot be characterized as random, fortuitous, or attenuated. See *Quaker Oats Co. v. Chelsea Industries, Inc.*, 496 F. Supp. 85, 88 (N.D. Ill. 1980) (the assertion of jurisdiction was allowed where alien corporations engaged in out-of-state activities that were sufficiently continuous and systematic to satisfy due process concerns; over a period of several years, the corporations sold substantial amounts of their products to customers located in Illinois and sent representatives to Illinois on several occasions to meet with customers).

In light of the defendant's substantial activities directed at the Illinois marketplace, the volume of Illinois customers, and the shuttle service from Illinois to Missouri, it is reasonable for Illinois courts to exercise *in personam* jurisdiction over the defendant. Asserting jurisdiction over the defendant does not violate federal due process requirements.

We also find that asserting *in personam* jurisdiction over the defendant is permissible under the Illinois Constitution. Due process in Illinois requires as follows: "Jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 141 Ill. 2d 244, 275, 565 N.E.2d 1302, 1316 (1990).

As we have already demonstrated, the defendant in the case at bar has engaged in economic activities that have a substantial effect upon the people of the State of Illinois. The record demonstrates that the defendant shuttles Illinois residents who are planning to gamble from Alton, Illinois, to its Missouri business. The defendant directs advertisements, flyers, brochures, and coupons to Illinois residents. The defendant advertises in magazines, newspapers, television, radio, and the yellow pages where Illinois residents will be urged to gamble. The record shows that the defendant's efforts have been successful, because one-third of all gold card members are Illinois residents. In light of the defendant's substantial connections with Illinois, it is "fair, just, and reasonable" for an Illinois court to assert *in personam* jurisdiction over it. See *Alderson v. Southern Co.*, 321 Ill. App. 3d 832, 856-58, 747 N.E.2d 926, 946-48 (2001).

In summary, the certified questions were as follows: Can the circuit court properly exercise personal jurisdiction in a tort action over the defendant under the Illinois long-arm statute (735 ILCS 5/2—209 (West 1998)), and if so, can such exercise of personal jurisdiction satisfy the requirements for due process? We answer these questions in the affirmative.

Certified questions answered.

CHAPMAN and GOLDENHERSH, JJ., concur.