KENNETH DEARING, Plaintiff-Appellee, v. RICHARD BAUMGARDNER *et al.*, Defendants-Appellants (Lisa Olson *et al.*, Defendants).

Third District   No. 3—04—0465

Opinion filed June 29, 2005.

SCHMIDT, J., specially concurring.

Kimberly Jansen, Joshua G. Vincent (argued), John R. Felton, and William Cassian, all of Hinshaw & Culbertson, of Chicago, for appellants.

Troy A. Lundquist and Pedro Cervantes (argued), both of Mangan, Langhenry, Gillen & Lundquist, of Joliet, for appellee.

JUSTICE McDADE delivered the opinion of the court:

In this case from the circuit court of Will County, the court is presented with the following certified question on interlocutory appeal:

"In a situation where Social Guests A & B criminally attack Social Guest C, can Social Guests A & B constitute a dangerous condition of the premises, imposing a duty to warn or a duty to otherwise protect, upon the Social Host/Premises Landowner where the Social Host/Premises Landowner knew or should have known one or more of the following: that Social Guests A & B, while on the premises, had consumed excessive amounts of alcoholic beverages; screamed, yelled and threatened each other and other guests; were requested to leave the premises by the Social Host/Premises Landowner due to their behavior; and/or had a propensity of being violent when drinking alcohol?"

We answer the question in the negative, finding that the described situation does not state a claim for premises liability.

Below, the plaintiff's initial complaint was dismissed for failure to state a claim. The complaint alleged that defendants Richard and Peggy Baumgardner were negligent for failing to protect the plaintiff from a criminal attack by third parties at a social gathering hosted by the defendants. The court, upon being presented with defendants' motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2004)), found that the defendants

did not owe the plaintiff a duty to protect. The court then granted the plaintiff leave to replead.

The plaintiff's amended complaint alleged that the defendants failed to warn the plaintiff of a "dangerous condition" on their property: two intoxicated and potentially violent guests. The controversy arose from an attack made on the plaintiff by Lisa and Ronald Olson. The plaintiff and the Olsons were guests at a party being held by defendants Peggy and Richard Baumgardner at their home. The plaintiff alleged that the Olsons were extremely intoxicated and were having a physical altercation. The plaintiff interceded to prevent Ronald Olson from hitting his wife when both Olsons turned on him and severely attacked him. The plaintiff alleged in his complaint that the defendants should have known that the Olsons had a propensity towards violence and should have warned the plaintiff or taken some action to prevent the attack.

The court denied the defendants' second motion to dismiss the complaint and certified the previously quoted question for interlocutory appeal.

## ANALYSIS

■ An appeal under Rule 308 (155 Ill. 2d R. 308) is limited to the question certified for review. *Adams v. Harrah's Maryland Heights Corp.*, 338 Ill. App. 3d 745, 747, 789 N.E.2d 436, 439 (2003). We will ordinarily not expand the question under review in order to answer other questions that could have been included but were not. *Jones v. City of Carbondale*, 217 Ill. App. 3d 85, 88, 576 N.E.2d 909, 911 (1991). The standard of review in the case of a permissive interlocutory appeal is *de novo. Adams*, 338 Ill. App. 3d at 747, 789 N.E.2d at 439.

■ ■ Generally, a landowner does not owe a duty to protect lawful entrants from criminal attacks by third parties. *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 242, 745 N.E.2d 1166, 1185 (2000). An exception to this rule arises when the landholder and the entrant stand in a special relationship with one another, such as (1) common carrier and passenger, (2) innkeeper and guest, (3) custodian and ward, and (4) business invitor and invitee. *Hills*, 195 Ill. 2d at 243-44, 745 N.E.2d at 1186-87. The relationship between the plaintiff and defendants cannot be characterized in any of these ways. Under *Hills*, the defendants do not owe a duty because of the lack of a special relationship.

■ The plaintiff attempts to avoid the above rule by characterizing the dispute, not as one about whether the defendants had the duty to protect him from their drunken guests, but rather as whether they had a duty to warn the plaintiff or otherwise protect him from a

"dangerous condition" on the property, that condition being the belligerent third parties. We see no reason why the court should abandon a well-established rule of law by finding that other guests of the defendants were "conditions on the land" that created a duty for the defendants to warn or protect.

The cases cited by the plaintiff in support of his theory in fact expose its flaws. In *Ward v. K mart*, 136 Ill. 2d 132, 554 N.E.2d 223 (1990), the court found a duty to warn of a five-foot-tall concrete post on defendant's property, which injured the plaintiff. *Ward*, 136 Ill. 2d at 135, 554 N.E.2d at 224. In *Tuley v. State*, 47 Ill. Ct. Cl. 396 (1995), the court found a duty to warn of a slippery floor. *Tuley*, 47 Ill. Ct. Cl. 396. We note that in both cases, the hazardous condition was an inanimate feature of the property. That is not the case here, where the alleged "hazardous condition" was a pair of autonomous human beings. We do not find the plaintiff's attempted analogy to be supported by logic or by precedent. We also note that an additional distinguishing factor is the status of the plaintiffs in *Tuley* and *Ward* as business invitees (*Ward*, 136 Ill. 2d at 141, 554 N.E.2d at 227; *Tuley*, 47 Ill. Ct. Cl. 396), rather than licensees like the plaintiff here.

Parenthetically, we note that a duty to warn arises where the parties do not share the same knowledge and where the defendant's knowledge relates to the potential for harm. *Brooks v. Lundeen*, 49 Ill. App. 3d 1, 7, 364 N.E.2d 423, 427-28 (1977). Here, we are inclined to believe that the danger presented by a belligerent and intoxicated couple engaged in a public physical confrontation was or should have been apparent to any reasonable observer. The plaintiff chose to become involved in the violent argument despite the fact that the danger was evident. It is not a situation where the plaintiff was surprised by a latent dangerous circumstance. Rather, he appears to have made a conscious decision to interject himself in an argument between the Olsons.

Plaintiff's counsel claimed during oral argument that we could not consider the fact that the plaintiff may have willingly involved himself in the argument between the Olsons because that fact was not pled in the complaint. That much is true; the plaintiff's complaint does not include this rather suggestive fact. However, plaintiff's counsel admitted as much during argument on the defendant's motion to dismiss, where he stated that "[m]y client came up just as Mr. Olson was basically pushing his wife, Mrs. Olson. He said wait a minute, what's going on here, don't hit her. Right after that, they both turned on him." Since the fact appears in the record, we will consider it. We are not convinced that the defendants have any obligation to protect the plaintiff from harm that results from his own choice to intervene in an argument between others.

Consequently, we do not believe that the Olsons constituted a dangerous condition on the land such that it created a duty in the defendants to either warn or protect the plaintiff. Whether a duty exists is answered by the holding in *Hills*, which requires a special relationship between the plaintiff and the defendants. We therefore answer the certified question in the negative.

■ The plaintiff also relies on section 318 of the Restatement of Torts (Restatement (Second) of Torts, § 318 (1965)), as authority for his claim that the defendants are liable for his injuries. This portion of the plaintiff's argument is outside the scope of the certified question, and we will not consider it.

In any event, the same argument has been rejected by an Illinois court. In *Elizondo v. Ramirez*, 324 Ill. App. 3d 67, 753 N.E.2d 1123 (2001), the plaintiff's decedent was killed by a third party during a fight at a party hosted by the defendant. The court found that there was no special relationship between the defendant and the plaintiff. In addition, the court found that section 318 of the Restatement did not modify the requirement in Illinois that a special relationship exist between the defendant and the injured party before a duty may be found. *Ramirez*, 324 Ill. App. 3d at 73-74, 753 N.E.2d at 1129. The application of section 318 to create a duty in similar circumstances has also been rejected in *Zimring v. Wendrow*, 137 Ill. App. 3d 847, 853, 485 N.E.2d 478, 482 (1985).

The plaintiff also argues that the defendants' alleged duty arises from his status as an invitee on the land under section 343 of the Restatement. This argument, too, falls outside the scope of the certified question.

We note, however, that the plaintiff's argument is without merit because he was not, under the common law, an invitee on the defendants' property. An invitee is one who is invited on the land for the purpose of conducting business. *Cobb v. Martin IGA & Frozen Food Center, Inc.*, 337 Ill. App. 3d 306, 314, 785 N.E.2d 942, 948 (2003). The plaintiff was present on the defendants' land as a social guest. Since the plaintiff was not a business invitee, the defendants did not owe him a duty under section 343 of the Restatement.

## CONCLUSION

Because there is no duty on the part of a landowner to warn or protect a social guest from the criminal acts of third parties absent a special relationship between the landowner and the injured party, the

certified question must be answered in the negative and the case remanded for further proceedings.

Certified question answered and case remanded.

LYTTON, J., concurs.

JUSTICE SCHMIDT, specially concurring:
I concur in the majority opinion. However, I write separately to point out that the certified question and the plaintiff's complaint make it clear that what plaintiff is attempting here is to disguise a case for social host liability in lamb's clothing. Facts: Social host had party. Social guest consumed alcoholic beverages. Someone got hurt.

Plaintiff adds the fact that the social host knew or should have known that the intoxicated social guest had a "propensity of being violent when drinking alcohol." It is clear that a social host also can presume that one who drinks excessive amounts of alcohol has a propensity to not drive very well. Nonetheless, the supreme court has made it clear that the law in this state is and has been that there is no social host liability. *Charles v. Seigfried*, 165 Ill. 2d 482 (1995).

Faced with much more compelling facts than those presented in the case before us, our supreme court made it clear that if Illinois is going to recognize causes of action for social host liability, that recognition is going to have to come from the legislature and not the courts. *Charles v. Seigfried*, 165 Ill. 2d at 504.