# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***Board of Trustees of the Rend Lake Conservancy District v. City of Sesser*, 2011 IL App (5th) 110110**

---

| | |
|---|---|
| Appellate Court Caption | THE BOARD OF TRUSTEES OF THE REND LAKE CONSERVANCY DISTRICT, an Illinois River Conservancy District, Plaintiff and Counterdefendant-Appellee, v. THE CITY OF SESSER, an Illinois Municipal Corporation, Defendant and Counterplaintiff-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-11-0110 |
| Filed | November 3, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Pursuant to a question certified under Supreme Court Rule 308(a), the appellate court held that the damages sought by defendant in its counterclaim was not limited to $50,000 because plaintiff filed its initial complaint as an "LM" case in an action arising from a dispute over the amount of water used by defendant city and the amount due plaintiff conservancy district for the water, since limiting the damages sought by defendant in such a manner would result in gamesmanship that would violate the principle of judicial economy, and therefore, the trial court's order limiting the damages recoverable by defendant on its counterclaim to $50,000 was reversed and the cause was remanded with directions to redocket the case as an "L" case and proceed accordingly. |
| Decision Under Review | Appeal from the Circuit Court of Franklin County, No.10-LM-06; the Hon. Barry L. Vaughan, Judge, presiding. |

| | |
|---|---|
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Robert C. Wilson and Kreig B. Taylor, both of Law Office of Robert C. Wilson, of Harrisburg, for appellant. |
| | J. Lawrence Sanders, of Benton, for appellee. |
| Panel | JUSTICE WELCH delivered the judgment of the court, with opinion. Justices Goldenhersh and Stewart concurred in the judgment and opinion. |

**OPINION**

¶ 1    Before us is an interlocutory appeal pursuant to Supreme Court Rule 308(a) (eff. Feb. 26, 2010), from the circuit court of Franklin County, which certified the following question for our review: whether the amount of damages sought by a defendant/counterplaintiff in its counterclaim is limited to $50,000 because the plaintiff/counterdefendant filed the initial complaint as an "LM" case. Although this case has a fairly convoluted procedural history, we summarize the facts as simply as possible.

¶ 2    The plaintiff/counterdefendant, the Board of Trustees of the Rend Lake Conservancy District (the Board), treats water and distributes it to more than 30 municipalities and water districts in southern Illinois. One of those municipalities is the defendant/counterplaintiff, the City of Sesser (the City). A dispute arose between the parties as to the amount of water being used by the City and the amount of money due from the City to the Board for that water. The City alleged that the water meter provided by the Board, and required to be properly maintained by the Board, was defective and malfunctioning, resulting in the City being billed for more water than it used. The Board denied this allegation and alleged that the City had not paid for all of the water it had used.

¶ 3    We note that the time periods during which the City claimed the meter was malfunctioning and the months during which the Board claimed the City did not pay its bill in full do not coincide. Nevertheless, the claims are related in that the City claims it underpaid current bills in order to recoup some of the monies it overpaid in previous years when the meter was malfunctioning. Thus, the two claims may arise out of the same set of operative facts, and certainly the parties are the same.

¶ 4    On December 29, 2009, the City filed an action in the circuit court of Franklin County against the Board alleging breach of contract and seeking damages for the Board's failure to properly maintain the water meter. The complaint alleged and sought damages in the amount of $201,782.96 and was docketed as No. 09-L-62.

¶ 5        On January 14, 2010, the Board filed a separate action against the City seeking monies due for water provided to the City. This complaint sought damages in the amount of $32,991.11 and was docketed as No. 10-LM-06.

¶ 6        On May 6, 2010, the City filed a motion to consolidate the two actions into No. 09-L-62. The Board objected and the motion was denied.

¶ 7        On June 7, 2010, the City filed its answer to the Board's complaint and a counterclaim that raised the same claim as the City had raised in its separate action, No. 09-L-62. The counterclaim sought damages in the amount of $201,782.96.

¶ 8        On July 6, 2010, the Board filed a motion to dismiss the City's counterclaim because the same action between the same parties was already pending in No. 09-L-62. In response, on August 24, 2010, the City voluntarily dismissed No. 09-L-62, leaving only its counterclaim. Accordingly, the Board's motion to dismiss the counterclaim was denied.

¶ 9        On September 10, 2010, the City filed a motion to have the case redocketed from an "LM" case to an "L" case because the amount in controversy in the counterclaim exceeds $50,000. Ultimately, the circuit court refused to redocket the case as an "L" case and entered an order limiting damages on the counterclaim to an amount not to exceed $50,000. The City filed a motion pursuant to Supreme Court Rule 308(a), asking the circuit court to certify a question of law for interlocutory appeal. Over the Board's objection the court did so. We allowed the appeal.

¶ 10       We address first the standard of review. Generally, an appeal under Supreme Court Rule 308 is limited to the question that is identified by the circuit court. *Adams v. Harrah's Maryland Heights Corp.*, 338 Ill. App. 3d 745, 747 (2003). When, as in the case at bar, the circuit court has not heard testimony, the standard of review for a permissive interlocutory appeal of a certified question is *de novo*. *Adams*, 338 Ill. App. 3d at 747. On this the parties agree.

¶ 11       Neither the parties nor the court was able to find any Illinois cases on point. Nevertheless, we answer the certified question in the negative: the amount of damages sought by a defendant/counterplaintiff in its counterclaim is *not* limited to $50,000 just because the plaintiff/counterdefendant filed the initial complaint as an "LM" case. Neither common sense, public policy, judicial economy, nor fairness and justice would allow such a result. The plaintiff cannot, by rushing to file its complaint first, limit the damages recoverable in a counterclaim against it by the defendant. To allow such a result would result in gamesmanship of the highest order, would violate the principle of judicial economy by disallowing counterclaims in cases where the party with lower damages files first, and would encourage litigation instead of negotiation and settlement by forcing parties to rush to the courthouse to limit the other party's damages. To answer the question in the affirmative would also result in undue prejudice to a defendant's right to present a counterclaim, particularly in a case where the claim would otherwise be barred by the statute of limitations, a right preserved in section 13-207 of our Code of Civil Procedure (735 ILCS 5/13-207 (West 2010)). Accordingly, we reverse the order of the circuit court of Franklin County that limited damages recoverable on the counterclaim to $50,000. The case should have been redocketed as an "L" case.

¶ 12    As the City writes in its brief on appeal:

> "The limitation of Counterclaims to $50,000 would encourage parties with lesser claims to 'lay in the weeds' until the other party's larger claim was subject to a statute of limitations defense and then file the lesser claim knowing that the larger claim (on which the statute of limitations had run) would be limited to the smaller amount. That is not a just result. That result discourages parties from tacitly settling their differences and requires the party holding the larger claim to instigate litigation to protect its ability to maintain the larger claim. The limitation of Counterclaims to $50,000 compels a party with a larger claim to initiate litigation for self protection. Tacit settlements in which each party chooses to 'go their own way' are made hazardous and thereby litigation is encouraged. It is not good public policy to allow gamesmanship to prevail in these situations. Informal settlements in which determinations are made to 'leave it alone' will become a thing of the past if Counterclaims are limited to the amount stated in the Complaint."

We could not agree more.

¶ 13    Furthermore, there are cases in which the filing of a counterclaim is a defendant's only means of bringing its claim. For instance, under section 13-207 of our Code of Civil Procedure (735 ILCS 5/13-207 (West 2010)), a defendant may bring a counterclaim against the plaintiff even if that claim would otherwise be barred by the statute of limitations. That statutory section has been construed by our courts in such a way as to prevent precisely the type of gamesmanship which is at issue in the case at bar. The stated purpose of section 13-207 is to prevent plaintiffs from intentionally filing their claims as late as possible in order to preclude defendants from a reasonable opportunity to file their counterclaim within the original limitations period. *Cameron General Corp. v. Hafnia Holdings, Inc.*, 289 Ill. App. 3d 495, 506 (1997). Similarly, a plaintiff should not be permitted to race to the courthouse in order to file its lesser claim first, thereby limiting the amount of damages a defendant/counterclaimant can recover through its counterclaim. To limit the counterclaimant's damages to less than $50,000 just because the plaintiff had brought the action as an LM case is contrary to the intent of section 13-207.

¶ 14    It is especially important that a defendant be allowed to file a counterclaim seeking the full amount of damages, rather than a separate lawsuit, where the counterclaim arises from the same set of operative facts as does the plaintiff's complaint. This is because *res judicata* would bar the separate suit if successful prosecution of that action would in effect nullify the judgment entered in the prior action. *Fuller Family Holdings, LLC v. Northern Trust Co.*, 371 Ill. App. 3d 605, 617 (2007). If the defendant's claim involves the same operative facts as the plaintiff's claim, *res judicata* may bar the defendant from raising his claim in a subsequent action. *Fuller Family Holdings, LLC*, 371 Ill. App. 3d at 617. To limit the defendant's damages simply because the plaintiff filed its claim first would cause undue prejudice to the defendant and is not in the interest of justice or fairness. The defendant's damages should not be limited by the plaintiff's claim simply because the plaintiff filed its complaint first.

¶ 15    Finally, in many cases, the interests of judicial economy favor trying both of the parties'

claims against each other in the same lawsuit instead of in separate actions. This is especially true where the parties' claims arise in whole or in part from the same set of facts. To limit the defendant's damages simply because the plaintiff filed its claim first is contrary to this important interest of judicial economy.

¶ 16      The amount of damages sought by a defendant/counterplaintiff in its counterclaim is *not* limited to $50,000 just because the plaintiff/counterdefendant filed the initial complaint as an "LM" case. Accordingly, we reverse the order of the circuit court of Franklin County that limited the damages on the City's counterclaim to an amount not to exceed $50,000. We remand this cause to the circuit court with directions that it redocket the case as an "L" case and proceed accordingly.

¶ 17      For the foregoing reasons, the order of the circuit court is hereby reversed and this cause is remanded with directions.

¶ 18      Reversed and remanded with directions.