# Illinois Official Reports

## Appellate Court

*C.H. v. Pla-Fit Franchise, LLC*, 2017 IL App (3d) 160378

| | |
|---|---|
| Appellate Court Caption | C.H., Plaintiff-Appellant, v. PLA-FIT FRANCHISE, LLC, a New Hampshire Limited Liability Company, and PF EAST MOLINE, LLC, an Illinois Limited Liability Company, d/b/a Planet Fitness, Defendants-Appellees.—KELLY OTTERNESS, Individually and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. PLA-FIT FRANCHISE, LLC, a New Hampshire Limited Liability Company, and PF EAST MOLINE, LLC, an Illinois Limited Liability Company, d/b/a Planet Fitness, Defendants-Appellees. |
| District & No. | Third District<br>Docket No. 3-16-0378 |
| Filed<br>Rehearing denied | August 23, 2017<br>September 25, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, Nos. 14-L-151, 15-L-31; the Hon. Clarence M. Darrow, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Mark F. Cyr, of Law Office of Mark F. Cyr, of Moline, and Michael J. Warner, of Warner & Zimmerle, of Rock Island, for appellants.<br><br>James R. Branit and Mitchell H. Frazen, of Litchfield Cavo, LLP, of Chicago, for appellee Pla-Fit Franchise, LLC. |

Michael W. Donaubauer and Gary K. Moore, of Moore Strickland, of Chicago, for other appellee.

Panel                 JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices O'Brien and Schmidt concurred in the judgment and opinion.

**OPINION**

¶ 1       Plaintiffs C.H. and Kelly Otterness were secretly videotaped in Planet Fitness's tanning rooms. Plaintiffs filed a second amended complaint against defendants Pla-Fit Franchise, LLC (Pla-Fit), and PF East Moline, LLC (PF East Moline), alleging defendants' failure to ensure members' privacy in the tanning rooms caused plaintiffs' severe emotional distress. Defendants filed separate motions to dismiss the complaint, and the trial court granted the motions, determining plaintiffs had no cause of action for emotional distress damages. Plaintiffs appealed, arguing that (1) defendants are liable in negligence for the criminal or tortious acts committed by a third party and (2) defendants failed to exercise reasonable care in violation of section 2 of the Premises Liability Act (740 ILCS 130/2 (West 2014)). We affirm.

¶ 2                                  FACTS

¶ 3       Pla-Fit, a franchisor that owned the trademark name "Planet Fitness," and PF East Moline, a franchisee, entered into a franchise agreement in which PF East Moline would own, operate, and do business under the Planet Fitness name in Moline, Illinois. In the agreement, PF East Moline was to operate the gym under business formats, methods, procedures, designs, layouts, standards, and specifications created and distributed by Pla-Fit and Pla-Fit reserved the right to improve, develop, and modify the terms of the agreement.

¶ 4       Plaintiffs were members of the Moline gym. They upgraded their memberships to "Black Card" status in which the plaintiffs paid an extra fee to utilize the tanning rooms. Each tanning room contained a single tanning bed, and members gained access to the rooms by placing their names on a sign-in sheet before entering.

¶ 5       Between August and November 2014, plaintiffs disrobed and used the tanning beds in the tanning rooms. During this time, plaintiffs were secretly video recorded. On November 5, a PF East Moline employee discovered a hidden video camera in one of the tanning rooms. The police were called and conducted a search throughout the club. The next day, PF East Moline discovered a second hidden video camera in a different tanning room. Again, the police were notified. Eventually, a member of the gym, Trent Hamer, was arrested for the crime.

¶ 6       Mary Barnhill filed the original complaint against Pla-Fit and MBM Fitness Management LLC (case No. 14-L-149), alleging defendants failed to exercise a duty of care to protect its members' privacy in the tanning rooms. Barnhill filed a subsequent first amended complaint

removing MBM Fitness Management LLC and adding PF East Moline as a defendant. C.H.'s and Otterness's cases (case No. 15-L-31 and case No. 14-L-151, respectively) were later consolidated with Barnhill's lawsuit. Ultimately, Barnhill and defendants filed a stipulation to dismiss, wherein Barnhill dismissed her lawsuit against defendants with prejudice. The surviving plaintiffs, C.H. and Otterness, filed a joint second amended complaint against defendants. Under count I of the second amended complaint, C.H.'s allegations against Pla-Fit were the following:

"COUNT I

*C.H. vs. Pla-Fit Franchise, LLC*

63. Plaintiff, C.H., repeats, re-alleges, and adopts paragraphs 1-16 above with the same force and effect as though fully set forth herein.

64. Defendant PLA-FIT, before up to and including November 2015, had control or partial control of their franchisee's (including PF EM) on information and belief and included, but not limited to, marketing the services of PF EM, providing rules and regulations as to security of the facilities, and providing instructions to the franchisees as to how and under what circumstances to clean and inspect the tanning booths.

65. Defendant PLA-FIT knew or in the exercise of due care should have known that certain persons would attempt to secretly video record people in the tanning rooms in various states of undress through access to various franchise business journals and trade associations memoranda and the fact that they knew that people had engaged in this type of behavior in other franchises other than the one in Moline.

66. The cost of engaging in activity to minimize or completely prevent the risk of people secretly recording people in the tanning rooms would be minimal and would involve nothing more than educating employees what to look for and how to inspect the premises.

67. At all relevant times complained of herein, Defendant PLA-FIT had a duty to exercise ordinary care to provide their franchisees with appropriate policies, procedures, and directions to prevent or minimize the risk of their members being secretly video recorded while using tanning rooms.

68. Defendant digressed from the aforementioned duty and as such was negligent in one or more of the following respects:

a. Did not create or adequately create and provide to the franchisees sufficient policies and procedures designed to protect the privacy and security of Plaintiff while they used the tanning rooms at the Planet Fitness Gym.

b. Did not engage in adequate inspection of the tanning rooms at the Planet Fitness Gym for products or devices that could be used to secretly video record the tanning rooms.

c. Did not provide adequate warning materials to franchisees to give members to advise them of the risk of being secretly videotaped while using tanning rooms at the Planet Fitness Gym.

69. One or more of the aforementioned acts and omissions by Defendant proximately caused the Plaintiff to suffer severe, significant, and permanent emotional distress."

¶ 7 Under count II, C.H.'s allegations against PF East Moline were the following:

"COUNT II

*C.H. vs. PF EM*

70. Plaintiff repeats and re-alleges paragraphs 1-16 above with the same force and effect as though fully set herein.

71. Defendant PF EM knew or in the exercise of due care should have known that certain persons would attempt to secretly video record people in the tanning rooms because they had access to various PLA-FIT franchise literature and knew or should have known that at Planet Fitness locations other than the facility in Moline, customers of Planet Fitness were secretly video recorded in tanning rooms before November of 2014.

72. The cost of engaging in activity to minimize or completely prevent the risk of people secretly recording people in the tanning rooms would have been minimal and would have involved nothing more than educating employees what to look for and how to inspect the premises.

73. At all relevant times complained of herein, Defendant PF EM had a duty to exercise ordinary care to protect their members' privacy and security during their use of the tanning rooms at the Planet Fitness Gym at 3624 Avenue of the Cities, Moline, Illinois 61265.

74. At all relevant times complained of herein, Defendant PLA-FIT had a duty to exercise ordinary care to provide their franchisee with appropriate policies, procedures, and directions to prevent or minimize the risk of their members being secretly video recorded while using tanning rooms.

75. Defendant digressed from the aforementioned duty and as such was negligent in one or more of the following respects:

a. Did not create, implement and/or enforce adequate policies or procedures designed to protect the privacy and security of Plaintiff's while they used the tanning rooms at the Planet Fitness Gym.

b. Did not inspect or adequately inspect the tanning rooms at the Planet Fitness Gym for items or devices used for purposes of videotaping Plaintiff while in tanning rooms.

c. Did not adequately train their employees to search for and identify hidden devices that would include video recording equipment in the tanning rooms.

76. One or more of the aforementioned acts or omissions directly and proximately caused the Plaintiff to suffer severe, significant, and permanent emotional distress."

¶ 8 Aside from paragraph 74 in count II, Otterness's claims mirror C.H.'s allegations in counts III against Pla-Fit and IV against PF East Moline. Defendants filed separate motions to dismiss the complaint, and the trial court granted the motions, determining plaintiffs did not state a cause of action for emotional distress damages. Plaintiffs appealed.

¶ 9                                                       ANALYSIS

¶ 10 The record presents three complaints: Barnhill filed the original and first amended complaint and C.H. and Otterness filed the second amended complaint, which is the operative pleading in this appeal. In the second amended complaint, plaintiffs bring the

- 4 -

following four counts: (1) C.H. brings a claim against Pla-Fit in count I, (2) C.H. brings a claim against PF East Moline in count II, (3) Otterness brings a claim against Pla-Fit in count III, and (4) Otterness brings a claim against PF East Moline in count IV. Section 2-603(a) of the Code of Civil Procedure (735 ILCS 5/2-603(a) (West 2014)) states "[a]ll pleadings shall contain a plain and concise statement of the pleader's cause of action." However, the complaint is unclear as to the specific causes of action plaintiffs allege against defendants. On appeal, plaintiffs contend, and defendants concede, that the issues are limited to two causes of action: (1) common law negligence for the criminal or tortious acts committed by a third party and (2) premises liability. Accordingly, we focus our review on these two issues.

¶ 11       Plaintiffs claim (1) defendants are negligently liable for the criminal or tortious acts committed by a third party and (2) defendants failed to exercise reasonable care to ensure the privacy of its members in violation of section 2 of the Premises Liability Act (Act) (740 ILCS 130/2 (West 2014)). They seek damages for emotional distress allegedly caused by defendants' tortious conduct.

¶ 12       A motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2014)) challenges the legal sufficiency of the complaint by alleging defects on the face of the complaint. *Clark v. Children's Memorial Hospital*, 2011 IL 108656, ¶ 21. In ruling on a section 2-615 motion, the reviewing court accepts as true all well-pleaded facts in the complaint and all reasonable inferences therefrom. *Id.* The reviewing court must determine whether the allegations of the complaint, when construed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Id.* We review an order granting a section 2-615 motion to dismiss *de novo*. *Id.*

¶ 13                                    I. PF East Moline
¶ 14                   A. Criminal or Tortious Acts Committed by Third Persons
¶ 15       Plaintiffs bring a claim of negligence, contending that defendants are liable for the criminal or tortious acts committed by a third party. Specifically, plaintiffs argue that PF East Moline had a duty as business invitor to protect plaintiffs as business invitees from the criminal acts committed by a third party and breached its duty when it failed to exercise reasonable care to (1) conduct adequate inspection of the tanning rooms for hidden cameras, (2) train employees on conducting searches and identifying hidden cameras, and (3) create policies and procedures to search for cameras in the tanning rooms when it knew members had been secretly recorded at a different Planet Fitness facility. Plaintiffs claim Pla-Fit's failure to exercise reasonable care caused them to suffer emotional distress.

¶ 16       To state a cause of action for negligence, the plaintiff must allege a duty upon the defendant, breach of the duty, and an injury proximately caused by the breach. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 430 (2006). Generally, a possessor of land does not have a duty to protect invitees from the criminal acts committed by a third party. *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 242 (2000). One exception to this rule is when there is a special relationship between the parties, such as (1) common carrier and passenger, (2) innkeeper and guest, (3) custodian and ward, and (4) business invitor and invitee. *Id.* at 243-44; *Dearing v. Baumgardner*, 358 Ill. App. 3d 540, 542 (2005). Illinois courts have relied on section 344 of the Restatement (Second) of Torts in determining whether a possessor of land is liable for the wrongful acts of third parties. *Marshall*, 222 Ill. 2d at 437. Section 344 states:

> "A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, *for physical harm* caused by accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
>
> (a) discover that such acts are being done or are likely to be done, or
>
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it." (Emphasis added.) Restatement (Second) of Torts § 344 (1965).

¶ 17    Plaintiffs cite several cases in which the reviewing court found the complaint stated a cause of action. None of these cases, however, involves damages for emotional distress. See *Marshall*, 222 Ill. 2d at 425 (decedent was struck by a car and fatally injured); *Rowe v. State Bank of Lombard*, 125 Ill. 2d 203, 208 (1988) (one victim died and the other victim sustained serious personal injuries); *Duncavage v. Allen*, 147 Ill. App. 3d 88, 92 (1986) (plaintiff seeking to recover damages for personal injuries and death); *Cross v. Wells Fargo Alarm Services*, 82 Ill. 2d 313, 314 (1980) (plaintiff severely beaten and injured); *Stribling v. Chicago Housing Authority*, 34 Ill. App. 3d 551, 553 (1975) (plaintiff sought to recover damages for loss of property); *Mims v. New York Life Insurance Co.*, 133 Ill. App. 2d 283, 284 (1971) (same); *Ney v. Yellow Cab Co.*, 2 Ill. 2d 74, 76 (1954) (same).

¶ 18    We believe *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, is instructive in our review of this issue. In *Lewis*, the plaintiffs filed a claim of negligence against several corporations after his iPhone was allegedly stolen by other customers at a Burger King restaurant. *Id.* ¶ 2. The court adhered to the physical-harm limitation contained in section 344 of the Restatement, noting even when a special relationship exists "the landowner may only be held liable for physical harm caused by acts of third persons." (Emphasis omitted.) *Id.* ¶ 9. As a result, the court refused to extend the duty to cases not involving physical harm. *Id.* ¶ 12.

¶ 19    Similarly in the instant case, although plaintiffs established PF East Moline owed them a duty as business invitor under the special relationship exception, they failed to sufficiently state a claim for negligence because they do not have a redressible injury. In the complaint, the plaintiffs allege that they seek damages solely for emotional distress as an element of negligence. Plaintiffs affirmatively state that they are not bringing a claim for either intentional or negligent infliction of emotional distress. We decline, as did the *Lewis* court, to extend a duty under section 344 of the Restatement to cases not involving physical harm. Therefore, we find plaintiffs failed to state a cause of action that PF East Moline was to them liable in negligence for the criminal or tortious acts committed by a third party.

¶ 20                                    B. Premises Liability

¶ 21    Plaintiffs argue the complaint states a cause of action that PF East Moline is liable for the emotional distress they suffered due to conditions on the premises because (1) it knew or had reason to know that there were dangerous conditions, *i.e.*, two video cameras, on the premises, (2) plaintiffs were unaware of the danger, and (3) it failed to exercise reasonable care to protect plaintiffs against the danger.

¶ 22    Section 2 of the Act imposes a duty on an owner or occupier to exercise reasonable care for "the state of the premises or the acts done or omitted on them." 740 ILCS 130/2 (West 2014). To determine whether a duty of care exists under section 2, the court must consider: (1) foreseeability, (2) likelihood of injury, (3) magnitude of the burden on the defendant to guard against the injury, and (4) consequences of placing a burden on the defendant. *Kotecki v. Walsh Construction Co.*, 333 Ill. App. 3d 583, 589 (2002) (citing *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 389 (1998)). The foreseeability prong is determined under the provisions in section 343 of the Restatement (Second) of Torts. *Id.* Section 343 states:

> "A possessor of land is subject to liability *for physical harm* caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger." (Emphasis added.) Restatement (Second) of Torts § 343 (1965).

¶ 23    Plaintiffs do not have a redressible injury under section 343 of the Restatement. As with section 344, we find the language in section 343 also limits liability to physical harm, and we decline to extend its reach to claims that allege only emotional harm. Plaintiffs only seek in their complaint to recover emotional distress damages. They have, therefore, failed to state a cause of action under the premises liability theory.

¶ 24                                    II. Pla-Fit
¶ 25                 A. Criminal or Tortious Acts Committed by Third Persons
¶ 26                              1. Special Relationship
¶ 27    Plaintiffs also argue the complaint states a negligence cause of action that Pla-Fit is liable for the criminal acts of a third party because it failed to exercise reasonable care to (1) conduct adequate inspection of the tanning rooms for hidden cameras and create policies and procedures to search for cameras in the tanning rooms when it knew members had been secretly recorded at a different Planet Fitness facility and (2) warn customers that it discovered hidden cameras in the tanning room on November 5-6 to enable the customers to avoid harm. Consequently, plaintiffs contend Pla-Fit's failure to exercise reasonable care caused plaintiffs to suffer emotional distress.

¶ 28    As stated above, a possessor of land does not owe a duty to protect invitees from the criminal acts of a third party unless there is a special relationship such as a business invitor and invitee. *Hills*, 195 Ill. 2d at 242; *Dearing*, 358 Ill. App. 3d at 542.

¶ 29    It is, however, well-established in Illinois that no such relationship exists between a franchisor and a franchisee's invitee. *Lewis*, 2014 IL App (1st) 123303, ¶ 14 (no legal duty under the special relationship exception exists between a franchisor and a business invitee). Furthermore, Pla-Fit is not a possessor of land as stated in section 344 of the Restatement. Rather, a possessor of land is "a person who is in occupation of the land with intent to control it." Restatement (Second) of Torts § 328E (1965). Pla-Fit is not in occupation of the land with intent to control it because, as the complaint states, Pla-Fit only owned the trademark name "Planet Fitness" and allowed franchisees to use the trademark. Instead, PF East Moline

is the possessor of the premises because it owned, operated, and did business at the Planet Fitness gym. Lastly, as we found *supra* ¶ 19, Pla-Fit is not liable for emotional distress damages under section 344 of the Restatement. Thus, we hold plaintiffs failed to state a cause of action that Pla-Fit was liable in negligence for the criminal or tortious acts committed by a third party.

¶ 30                                2. Voluntary Undertaking

¶ 31    Plaintiffs allege Pla-Fit voluntarily undertook a role in ensuring that PF East Moline was protecting its members' right to privacy in the tanning rooms when Pla-Fit reserved its right to perform on-site inspections of PF East Moline under the franchise agreement.

¶ 32    Another exception to the rule that an individual is not liable for the criminal acts committed by a third party is created when there is a voluntary undertaking. Under the voluntary- undertaking theory, a duty of care is imposed on a person who voluntarily agrees to perform a service necessary for the protection of another person. *Claimsone v. Professional Property Management*, *LLC*, 2011 IL App (2d) 101115, ¶ 21. "[T]he duty of care to be imposed upon a defendant is limited to the extent of the undertaking." *Bell v. Hutsell*, 2011 IL 110724, ¶ 12. Our supreme court adopted section 324A of the Restatement (Second) of Torts in reviewing voluntary-undertaking claims. *Id.* Section 324A states:

> "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person *for physical harm* resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffering because of reliance of the other or the third person upon the undertaking." (Emphasis added.) Restatement (Second) of Torts § 324A (1965).

¶ 33    In Illinois, a franchisor is not liable under the voluntary-undertaking theory if the franchisee retains control of the day-to-day operations of the business. See *Castro v. Brown's Chicken & Pasta, Inc.*, 314 Ill. App. 3d 542, 551-52 (2000). In *Castro*, several individuals entered Brown's in Palatine and murdered seven people. *Id.* at 543-44. Emmanuel Castro, an administrator for the estate of his deceased son, filed a claim against Brown's, claiming, among other things, Brown's, as the franchisor, voluntarily undertook to provide security at the Palatine restaurant. *Id.* at 544. Brown's filed a motion for summary judgment, which the trial court granted, and Castro appealed. *Id.* at 545-46.

¶ 34    Relying on *Coty v. U.S. Slicing Machine Co.*, 58 Ill. App. 3d 237 (1978), the First District noted Illinois courts refuse to impose liability on franchisors when the franchisee has retained total control over its day-to-day operations. It then determined that there was no evidence in the record that Brown's controlled the Palatine restaurant's day-to-day operations. Specifically, the court found, among other things, that Brown's "did not implement mandatory security measures to be followed by the franchisee, it did not follow up to make sure that security recommendations were followed, it did not provide security for the Palatine restaurant or engage in routine security checks, and it did not set up a security hotline or a committee to review security measures." *Castro*, 314 Ill. App. 3d at 552. Further, there was no provision within the franchise agreement regarding security or Brown's responsibility for

such security. As a result, the First District affirmed the trial court's grant of the motion for summary judgment, holding that Brown's did not voluntarily undertake to provide security to the Palatine restaurant.

¶ 35 Similar to the ruling in *Castro*, we find the complaint in this case does not sufficiently demonstrate Pla-Fit controlled the day-to-day operations of PF East Moline to constitute a voluntary undertaking to protect members' privacy. The complaint alleges that Pla-Fit exercised complete and substantial control over PF East Moline by providing rules and regulations as to security of the facilities and providing instructions on cleaning and inspecting the tanning booths. The complaint does not state whether the rules and regulations were mandatory or recommendations, that on-site inspections were conducted, or that the on-site inspections were for the purpose of protecting members' privacy. In fact, the complaint states Pla-Fit did not create, implement, or enforce policies and procedures designed to protect the privacy and security of plaintiffs and that Pla-Fit did not inspect or adequately inspect tanning rooms for items or devices used to videotape members.

¶ 36 Also, we must follow the language within section 324A of the Restatement that limits injury to physical harm as the court did in *Lewis* and decline to extend a duty under section 324A. Plaintiffs solely seek to recover damages for emotional distress in their complaint. Therefore, we find plaintiffs did not state a cause of action against Pla-Fit pursuant to section 324A.

¶ 37                                   B. Premises Liability

¶ 38 Plaintiffs bring the same premises liability argument against Pla-Fit as it did against PF East Moline that (1) Pla-Fit knew or had reason to know that dangerous conditions, *i.e.*, two video cameras, were on the premises, (2) plaintiffs were unaware of the danger, and (3) it failed to exercise reasonable care to protect plaintiffs against the danger.

¶ 39 As stated previously, under section 2 of the Act, the court must consider (1) foreseeability, (2) likelihood of injury, (3) magnitude of the burden on the defendant to guard against the injury, and (4) consequences of placing a burden on the defendant. *Kotecki*, 333 Ill. App. 3d at 589 (citing *LaFever*, 185 Ill. 2d at 389). The foreseeability prong is determined under the provisions in section 343 of the Restatement, which states a possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if he (1) knows or by exercising reasonable care would discover the condition, (2) should expect the invitee will not discover the danger, and (3) fails to exercise reasonable care to protect invitee from the danger. *Id.*; Restatement (Second) of Torts § 343 (1965).

¶ 40 We determined *supra* ¶ 29 that Pla-Fit is not a possessor of land as defined in section 328E of the Restatement. Also, as we found *supra* ¶ 23, liability under section 343 of the Restatement does not extend to injuries other than physical harm. Therefore, we hold plaintiffs did not state a cause of action against Pla-Fit under the premises liability theory.

¶ 41                                      CONCLUSION
¶ 42 The judgment of the circuit court of Rock Island County is affirmed.

¶ 43 Affirmed.

- 9 -